## Lecrone, Appellant, *v.* Bennethum.

*Equity—Prescriptive right—Alley—Gate—Right to have gate swinging inward.*

In a bill for an injunction to compel the rehanging of a gate, the evidence established that plaintiff and defendant had equal right to the use of an alley and the gate between their properties. For a long period of years the gate across the alley swung inward. The defendant built a theatre on his property using the passage as an exit. The gate was rehung and swung outward in conformity with statutory requirements.

Where, in such case, the evidence showed that the gate in swinging outward did not interfere with the use of the alley by plaintiff nor bar the view from his property, disfigure it, lessen its value, nor encroach upon his light and air, an injunction was properly refused.

No prescriptive right to swing the gate inward was secured by mere lapse of time.

Argued March 13, 1928. Appeal No. 8, March T., 1928, by complainant from decree of C. P., York County, No. 1, April T., 1922, in equity, in the case of Harris R. Lecrone v. George W. Bennethum. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Bill in equity for an injunction. Before STOCK, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were the findings and decree of the court.

*John A. Hoober,* for appellant.

*V. K. Keesey,* of *Schmidt, Keesey, Stair and Kurtz,* for appellee, cited: Unger v. Edgewood Garage, 287 Pa. 14; Benner v. Junker, 190 Pa. 423; Duross v. Singer, 224 Pa. 573; Wheatley v. Baugh, 25 Pa. 528.

OPINION BY GAWTHROP, J., April 16, 1928:

Plaintiff owns a dwelling house situated on the north side of Market Street in the City of York, which he purchased in 1920. At that time a moving picture theatre, built in 1913, stood on the lot adjoining plaintiff's property on the east. An alley three feet six inches wide runs from Market Street northwardly between the plaintiff's house and the theatre and is used as an exit from the theatre. By plaintiff's deed for his property the land was granted together with the use of this alley which, according to the deed, "is to be in common for the use and convenience of the occupiers and owners of the premises hereby conveyed and those adjoining on the east and to be kept in repair and a gate hung in the front of said alley at their joint expense hereafter forever." The deeds to

plaintiff's predecessors in title since 1824 contain a clause which does not differ materially from that above quoted. There is a similar provision in defendant's deed giving him the same rights in and to the alley. For many years prior to 1914 a gate which swung inward from Market Street was maintained at the front end of the alley. In 1914 soon after the building of the theatre, this gate was removed by a servant of the then occupier of plaintiff's property with the consent of the then owners of defendant's property. There was no gate at the front of the alley from 1914 to 1920, when a new gate, swinging inward, was erected by plaintiff at the same place the former gate had hung. In 1921 defendant was notified by the Department of Labor and Industry of Pennsylvania that a gate opening inward in a passage way leading from a theatre was illegal. Whereupon defendant, against the protest of plaintiff, rehung the gate so as to make it swing outward, the location of the gate being the same as theretofore. The gate as so rehung, when wide open, extends beyond the southern wall of defendant's building for a distance of two feet and four inches, and is of a height of seven feet and four inches. Plaintiff filed this bill praying that the gate be removed and replaced in the position it was in before it was re-hung by defendant. After answer filed and trial had the chancellor filed an adjudication in conformity with the Equity Rules and directed the prothonotary to enter a decree nisi, ordering that the bill be dismissed at plaintiff's costs. The court in banc dismissed the exceptions filed and affirmed the decree nisi. Plaintiff has appealed.

Three of the assignments of error complain of the chancellor's thirteenth, fourteenth and fifteenth findings of fact, which were as follows:

"The gate as now hung when wide open does not extend further beyond the northern building line of Market Street than do other projections such as

porches and steps attached to other properties located in the immediate vicinity and along the northern building line of Market Street."

"Said gate when so swung wide open does not obstruct or bar the view eastward from the first floor of plaintiff's property; does not disfigure plaintiff's property; does not lessen its value; and does not encroach on plaintiff's light and air."

"That said gate swung outward towards Market Street does not interfere with the use of said alley by plaintiff, nor does it lessen or restrict in any way his use of said alley-way." These assignments must be dismissed because an examination of the record discloses that the findings of fact complained of are supported by ample evidence. A chancellor's findings of fact approved by the court below will be accepted if there is sufficient evidence to support them: Unger v. Edgewood Garage, 287 Pa. 14. Plaintiff produced no evidence to sustain the averments in the bill that the gate as now hung bars all view eastward from the first floor of complainant's property, is disfiguring to his property and lessens its value and encroaches upon his light and air. The only complaint which he expressed when on the witness stand was: "I object to the gate being hung any other way than what it was originally hung." He seems to ground his demand for equitable relief upon a technical legal right to have the gate swing inward only, as it did originally. Although defendant testified that he was willing to take the gate away altogether, or to move it back into the alley so that it would not swing into the street, or to hang it so that it will swing both inward and outward, plaintiff testified that he was in court "for a decision, not for a compromise." His counsel stated at the trial that the question narrowed itself to one point, "whether this gate as now constructed, which extends out beyond the building line and the wall two feet and four inches admittedly, whether, under the law, it shall

extend out that way, or whether it must swing inwardly and rest against the eastern wall of the building, as the complainant contends it was originally. There is no other question, I think, before us now except that.''

Does plaintiff have the right to have the gate swing inward and not outward? It is unnecessary to decide whether or not the parties are tenants in common of the alley. They got a right to use it which was not limited or restricted by any covenant and therefore its extent depends upon their reasonable needs as owners of the premises to which it is appendant. The alley may be used by either of them, when his property has been diverted to business purposes, with the same freedom as when it was used for a residence: Benner v. Junker, 190 Pa. 423; Gunson v. Healy, 100 Pa. 42. The right to hang a gate across the front of the alley does not mean that the owner of the premises on either side of the alley may have the gate swung so as to deprive the other party of the use of the alley for any purpose to which it may be legitimately applied. The right must be exercised so as not to interfere unreasonably with the use of the alley for the benefit of the owner or occupiers of either premises. It is not contended in behalf of appellant that the right to have the gate swing inward arises by the terms of the grant. As we understand his contention it is based on a prescriptive right arising from the fact that from 1872 until 1914 the gate was hung so that it swung inward. The answer to this contention seems to be that the maintenance of an inward swinging gate was not such an invasion of the rights of any of defendant's predecessors in title as to enable any of them to maintain an action therefor. No prescriptive right to swing the gate inward was secured by mere lapse of time. No presumption can arise against a party on the ground of long enjoyment of a privilege by another, until it is shown that the privilege, in some measure, inter-

fered with rights of the party whose grant is proposed to be presumed, and that he had a legal right to prevent such enjoyment by proceedings at law: Wheatley v. Baugh, 25 Pa. 528, 534. Defendant desires to use the alley as a fire exit from his theatre. The law provides that all such exits open outwardly. This is a proper use of the alley. As the relief which plaintiff asks would deprive defendant of making such a use of the alley, he is not, for the reasons stated, entitled to it and the bill was properly dismissed.

The decree of the court below is affirmed and the appeal is dismissed at the costs of appellant.