Opinion by
 

 Stadtfeld, J.,
 

 This is an appeal by defendants from a decree of the court below granting an injunction after the filing of a bill in equity.
 

 Under an agreement dated July 29, 1932, the Brook-side Recreation Club, including fifteen of its members, entered into a written agreement signed by the defendant, Eugene H. Uhler, also a member at the time. This agreement was recorded at Stroudsburg and provided, inter alia, as follows: “Second: Brookside Recreation Club will execute and deliver to Eugene H. Uhler and Ada R. Uhler, his wife, deed for Lot No. 34 on plan of William Sillies, C. E., of lots of Brookside Recreation Club. The said deed shall contain the same privileges and easement rights contained in the divers deeds executed and delivered heretofore by the said Club to other Club members for lots on said plan. It is distinctly understood and agreed, however, that title shall be limited in Eugene H. Uhler and Ada R. Uhler, his wife, to the lands specifically described in said deed, and that the lands lying between the said lot and the lake front shall be vested and remain in title in Brookside Recreation Club, and that the said] Club may make changes in th(e
 
 *149
 
 lake and on the lake front as may be determined by the Club in the future.
 

 “Eighth: It is agreed that Eugene H. Uhler shall have the right and privilege to conduct a boys’ camp at his own bungalow or any other bungalow owned by any Club member during the present season, the boys attending the camp to have the right and permission to use the Club lands and to use the lake for bathing, swimming and boating. This right and permission to conduct a boy’s camp given to Eugene H. Uhler is limited to the present season only and it is expressly agreed that after the expiration of the present season, Eugene H. Uhler, nor any member, will not conduct any camp of any kind whatsoever at his bungalow or at any other Club member’s bungalow.”
 

 In pursuance of this agreement, and upon the defendant’s affixing his signature thereto, the Brookside Recreation Club granted and conveyed to Eugene H. Uhler and Ada R. Uhler, his wife, a deed for Lot No. 34 as provided for in the agreement. This deed was also recorded at Stroudsburg and provided, inter alia, as follows: “The party of the first part further grants a right of way forever, for ingress, egress and regress to the parties of the second part, their heirs and assigns, with the right at all times to pass and repass on foot and with animals and vehicles to and from the lands herein conveyed over such portions of the lands now owned by the party of the first part as may be necessary to have access and to enter upon any public highway or highways now laid out or hereafter to be laid out and used by the general travelling public.
 

 “The party of the first part further grants to the parties of the second part, their heirs and assigns forever, all the littoral, riparian and shore rights in any way belonging to or pertaining to the lake located on the premises of the party of the first part for the purpose
 
 *150
 
 of exercising the full, free and uninterrupted right of fishing, boating, skating, swimming and all other rights connected with the said lake, the said rights to be exercised in common with other subsequent grantees of land from the party of the first part, and the party of the first part further grants to the parties of the second part, their heirs and assigns a right of way forever over the lands of the party of the first part from the lands of the parties of the second part necessary to exercise the said lake rights.
 

 “Together with all and singular the buildings, ways, waters, water courses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever, of the party of the first part, in law, equity, or otherwise howsoever, of, in, and to the same and every part thereof.”
 

 The defendants, Eugene H. Uhler and Ada R. Uhler, had constructed a summer dwelling house on the lot conveyed to them. On October 11, 1932, Mrs. Uhler purchased from William W. L’Hommedieu estate, a large farm adjoining the property of the Brookside Recreation Club. On this farm, Mrs. Uhler constructed a lake and there she, together with her husband, operated a camp for boys and girls for recreational purposes.
 

 In 1935, the real estate of the Brookside Recreation Club was sold at sheriff’s sale to Frank P. Rohn, who by deed dated June 28, 1935, conveyed the property to plaintiff, Shawnee Lake Association.
 

 For a number of summer seasons, Mrs. Uhler conducted a camp on her property acquired from William W. L’Hommedieu Estate, and adjoining plaintiff’s estate. At the same time, Mr. Uhler entertained guests and friends on their property acquired from the
 
 *151
 
 Brookside Recreation Club. During the same seasons, the Shawnee Lake Association accommodated guests friends and patrons on its own property. In the summer of 1936, a series of disputes arose between plaintiff and defendants involving the use of the portion of land belonging to plaintiff association and situate between defendants’ property and the lake, the use by defendants, of a portion of the lake situate in front of its property for camp purposes, and the use by defendants of a portion of plaintiff’s property as a riding ground for defendants’ campers and patrons.
 

 In response to plaintiff’s prayer for equitable relief, the court below finally entered a decree perpetually enjoining the defendants, Eugene H. Uhler and Ada R. Uhler, jointly and severally, “First: From authorizing anyone other than themselves to enter upon or into the waters of the Shawnee Lake for the purpose of fishing, boating, skating, swimming or any other purpose whatsoever, either for profit or gratis, and from taking anyone upon or into said waters for any purpose whatsoever. Second: From authorizing anyone other than themselves to enter upon, through or across the strip of land in front of and between the Uhler lot,......and Shawnee Lake and between an extension of the side boundary lines of said lot to the lake. Third: From maintaining, operating or conducting a camp on Lot No. 34......Fourth: From entering upon the lands which were conveyed to the Shawnee Lake Association by deed of Frank P. Rohn ......in any manner whatsoever, except for ingress, egress and regress to Lot No. 34 in the manner and for the purposes provided in the deed for said Lot No. .34 of the Brookside Recreation Club to Eugene H. Uhler and Ada R. Uhler.......”
 

 Counsel for appellant contends (1) the agreement, being merged in a deed containing no restrictions, is inoperative; (2) Ada R. Uhler, not having signed the
 
 *152
 
 agreement, is not bound by the restrictive covenant pertaining to the use of the lot as a camp, contained therein, and (3) the terms of the decree of the court below were too drastic.
 

 The court beloAV found as facts that Ada R., Uhler had full knowledge of the terms and conditions of the agreement entered into by the Brooksidé Recreation Club Avith its members prior to its execution by her husband and prior to its delivery; that both the agreement and the deed to her husband and herself, as tenants by entireties, were delivered simultaneously to the respective parties; that no estate would have been granted them but for the execution of this agreement by Eugene H. Uhler; that it was ,the intention of the parties to the agreement to prohibit the operation of camps on the lots conveyed to members; and that the restrictive, independent covenant to that effect was not intended to be incorporated in the deed. The findings of a chancellor affirmed by the court, are entitled to the weight of a jury’s verdict, and, where supported by the evidence, though in dispute, are controlling on appeal:
 
 Crick v. Paull,
 
 287 Pa. 431, 135 A. 103;
 
 Rupniewski v. Miazga,
 
 299 Pa. 190, 149 A. 193.
 

 With appellants’ first contention Ave cannot agree. Generally, it is true that preliminary agreements and understandings pertaining to the sale of land are superseded by the deed. However, independent covenants or provisions in an agreement of sale not intended by the parties to be incorporated in the deed constitute Avell established exceptions to the application of the general rule:
 
 Caveny v. Curtis,
 
 257 Pa. 575, 581, 101 A. 853. An examination of the written instruments in the instant case reveals that the agreement provided that no lot owner should conduct a camp on his lot after the season of 1932. No such provision was contained in the deeds to any of the lot owners, including Eugene H. Uhler, By
 
 *153
 
 virtue of the single agreement, rather than because of any restriction in their respective deeds, were the individual lot owners bound to ¿refrain from conducting camps. In no way was this agreement intended to be superseded by the deed granted to Eugene H. Uhler and Ada R. Uhler.
 

 Nevertheless, contends appellants’ counsel, Mrs. Uhler had not signed the agreement and hence was not bound by any restrictive provisions, relating to the use of the lot as a camp, contained therein. Were this contention sound, the consequences would flow directly contrary to the intention of the parties to the agreement to prohibit the operation of camps on the lots conveyed to members. Mrs. Uhler, it is true, did not sign the agreement. Only members of the club signed. The very agreement which provided for the conveyance of title to Lot No. 34 in the names of both Eugene H. Uhler and Ada R. Uhler, his wife, also prohibited, by a separate provision, the conducting of a camp by any member. The estate by entireties, created in husband and wife in part performance of an agreement entered into by the husband alone, was subjected to a limitation from its very inception. From this limitation, a restrictive covenant in form, no party to the agreement could be relieved simply by directing title to be made in his wife’s name, together with his own. It would indeed be gravely inequitable to permit Mrs. Uhler on the one hand, to claim the benefit of her interest in the land under the deed, and on the other, to reject the obligations of the agreement creating ¡her rights. Not only did Mrs. Uhler have full knowledge of all the terms and conditions of the agreement prior to its execution and delivery, but she was likeAvise well aware of the fact that no deed would have been granted but for the execution of the agreement by her husband.
 

 From the evidence in this case, the court below found
 
 *154
 
 that the parties to the agreement had intended to prohibit the operation of camps on the lots conveyed to members, and concluded as a matter of law that the restriction specifically naming Mr. Uhler was in the nature of a covenant running with the land. This conclusion is in accord with the test laid down in the case of
 
 Landell et al., v. Hamilton et al.,
 
 175 Pa. 327, 34 A. 663, where the court said, at pp. 333 and 334: “...... in equity the test by which to determine whether a covenant in a deed runs with the land is the intention of the parties. To ascertain the intention, resort must be had to the words of the covenant read in the light of the surroundings of the parties and the subject of the grant.” This criterion was set up again in
 
 Finley v. Glenn et ux.,
 
 303 Pa. 131, 137, 154 A. 299.
 

 In the instant case, the restrictive covenant running with the land was binding not only on Eugene H. Uhler who was in privity of contract, but on both Eugene H. Uhler and Ada B. Uhler, who as tenants by entireties, were in privity of estate to their grantor. For, when the deed was executed and delivered to both of them, a single estate, or tenancy by entirety, was created in the husband and wife. A tenancy by entirety, being but one estate in contemplation of law
 
 (Beihl v. Martin,
 
 236 Pa. 519, 84 A. 953) was burdened at its very creation by a covenant restricting its use and executed by the husband — grantee. Not only was Mr. Uhler, who was specifically named, bound by the restrictive covenant contained in the agreement, but also his wife who, having full knowledge of the terms and conditions of the agreement, became a tenant by entirety by acceptance of the deed and thus, being in privity of estate, likewise became bound by the covenant running with the land.
 

 From what has been said above, appellants’ contention that the terms of the decree of the court below
 
 *155
 
 were too drastic, cannot be sustained at least insofar as the third and fourth terms are concerned. We are of the opinion that Eugene H. Uhler and Ada R. Uhler were properly enjoined from maintaining, operating or conducting a camp on Lot No. 34 and from entering upon the lands of the Shawnee Lake Association except for ingress, egress and regress to Lot No. 34 as provided in their deed.
 

 Whether or not the first and second terms of the decree are too drastic remains to be considered. The first term of the decree relates to the use of the lake; the second relates to the use of the strip of land owned by appellee and situate between appellants’ lot and the lake. The extent to which appellants may use the property depends upon the construction given to the terms in the deed, quoted above, granting them rights therein.
 

 Appellants’ right to use appellee’s strip of land bordering the land conveyed and appellants’ right to use the lake were both created by express grant. These rights are contained in the deed conveying the land, and are valuable specifically in connection with that realty. In form, these rights were limited to Eugene and Ada Uhler, their heirs and assigns and in substance are undoubtedly easements appurtenant to the land conveyed:
 
 Gunson v. Healy,
 
 100 Pa. 42;
 
 Mitchell v. D’Olier,
 
 68 N.J.L. 375, 53 A. 467. In the latter case, a deed of conveyance was made by the owner of a tract of land, upon a portion of which was located a fresh-water lake. By this deed he conveyed to the grantee, a portion of upland adjoining the lake, “together with” boating and fishing rights and privileges to be exercised upon the waters of the lake by the grantee, her heirs and assigns. The court held both the fishing right (profit a prendre) and the boating right (a pure easement) were appurtenant to the upland, and not in gross.
 

 What limitations, if any, are there to appellants’ use
 

 
 *156
 
 of their easements? It is quite clear that these easements being appurtenant to Lot No. 34 could not be used for any purpose by Mrs. Uhler in connection with her use of the property bought from William W. L’Hommedieu estate. For, it is a well-established rule of law that an easement cannot be used by the owner of the dominant tenement to pass to other land adjacent or beyond that to which it is appurtenant:
 
 Kirkham v. Sharp,
 
 1 Whart. 323;
 
 Jamison v. M’Credy,
 
 5 W.&S. 129;
 
 Coleman’s Appeal,
 
 62 Pa. 252;
 
 Shroder v. Brenneman,
 
 23 Pa. 348. In the last case cited, the court said, at p. 351: “The reason of the rule stated in
 
 Howell v. King
 
 (Rolle 391), and runs through the subsequent cases, that if the law were not so the owner of the close to which the right is appurtenant might purchase an indefinite number of adjoining acres, and annex the right to them, by which the grantor of the way might be entirely deprived of the benefit of his land;......”
 

 Denying, therefore, the use of these easements in connection with newly-acquired adjoining lots, what is the proper extent of the easements when used only in connection with the land to which they are appurtenant? The general rule is stated in the case of
 
 Seidler et al. v. Waln,
 
 266 Pa. 361, 109 A. 643, where the court says, at P- 371: “...... Being so appurtenant, of course the privilege includes not only the right to use the road by the respective owners for the time being of the several pieces of the original tract, but also by their families, and others, who through permission of such owners, may desire to visit their homes for any lawful purpose; this marks the extent of the easement:
 
 Commonwealth v. Burford,
 
 225 Pa. 93, 99, 73 A. 1064;
 
 Gunson v. Healy,
 
 100 Pa. 42, 46.” Where, however, the easement is created by express grant and the user is restricted by the terms of the agreement, the general rule is modified to the extent of such restriction: 19 C. J. 977, Sec. 224.
 

 
 *157
 
 It should be noted in the instant case that paragraph eight of the agreement between the club and its members expressly granted to Mr. Uhler’s campers of the “present season” (1932) the “right and permission to use the Club lands and to use the lake for bathing, swimming and boating.” But thereafter, the lot granted to Eugene and Ada Uhler being restricted by a covenant prohibiting its use as a camp, the easements in the strip of land and in the lake appurtenant thereto were likewise subjected to the same restriction.
 

 Moreover, the very paragraph in the deed executed to Eugene and Ada Uhler, which granted the rights and privileges in the lake, provided that “the said rights (were) to be exercised in common with other subsequent grantees of land from the party of the first part.” The import of this provision is to restrict the beneficiaries of the easements to a reasonable user, consistent both with similar rights and privileges granted other grantees of land, and with the rights and privileges of the legal owner of the lake.
 

 The first and second terms of decree of the court below restricted the rights and privileges in the lake and upon the adjoining strip of land to Eugene and Ada Uhler personally. Such restrictions are obviously too drastic and hence the terms of the injunction should be modified in this respect. Nevertheless, we cannot go so far as to say that the rights and privileges of the appellants in the use of the lake and the adjoining strip of land may be extended to campers, but may be extended to members of defendants’ family and bona fide guests, not including, however, patrons of camps.
 

 Paragraphs First and Second of the decree of the court below are modified as above stated, and with this modification, said decree is affirmed. Costs to be paid by appellants..