## Nallin-Jennings Park Company, Appellant, *v.* Sterling et ux.

Argued April 17, 1950. Before DREW, C. J., STERN, STEARNE and BELL, JJ.

*Charles Nealon Bourke,* for appellant.

*Will Leach,* with him *J. Harry Morosini* and *Joseph J. Cimino,* for appellees.

612

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 22, 1950:

The appeal is from a decree in equity dissolving a preliminary injunction and dismissing the bill seeking to restrain alleged violations by the defendants of the grant of a right of way or easement over plaintiff's land.

Plaintiff (a corporation) and the defendants are the respective owners of contiguous tracts of land in Moosic Borough, Lackawanna County. A concrete wall is maintained between the properties. Upon each tract an amusement park is operated, separately and independently, *both* under the name of Rocky Glen Park. Defendants' land consists of a tract of 180 acres, of which 10 acres are devoted to recreation and amusement. Approximately 250,000 persons are entertained in defendants' park annually; $250,000 has been invested in equipment, viz.: merry-go-rounds, miniature railways, restaurants, bath houses, etc.

The land of the defendants does not abut upon a public road while plaintiff's does. The only means of access to the public road to and from the defendants' land is over plaintiff's land. The bulk of the patrons to defendants' park are passengers from an electric traction line which bounds defendants' land. Other patrons reach the land from a parking space owned by the defendants from which they walk to the park (not over the land of the plaintiff). The parties to this suit have had other litigation relative to the use and occupation of the respective premises. On November 21, 1945, they entered into a written stipulation whereunder the plaintiff agreed to execute a grant or deed concerning a right of way from the public road of plaintiff's land to defendants' park. In pursuance to such stipulation, the plaintiff executed and delivered a deed dated January 21, 1946, wherein plaintiff granted and conveyed a right of way over its land in the following language: ". . .

unto [defendants] their heirs, successors and assigns, for themselves, concessionaires in their park, employees, tenants and suppliers of materials for maintenance and operation of the various buildings and amusement devices on the land of the said [defendants], the right of ingress and egress at all times over the land herein described and delineated upon a map attached hereto and made a part hereof, leading from a certain road or highway running through the Village known as No. 4 Village in the Borough of Moosic to the land of the said [defendants] and within the area described herein and defined in said map, [the right conveyed being the right to perpetual use of the said piece or parcel of land for and by the parties named]."

The *habendum* clause in the grant reads: "To have and to hold the said right of way . . . hereby granted . . . *as herein defined*. . . ." (emphasis supplied)

The dispute between the parties concerns the construction of the words creating the easement. Plaintiff contends the words create but a limited easement restricting the use of the right of way to those individuals who are named in the grant. Defendants, on the contrary, maintain that the words create a right of way, appurtenant to their land, which enables the permissive use of such right of way by all individuals acting through defendants or their successors. The controversy is whether defendants' *patrons* are entitled to use the right of way as a means of ingress and egress to and from defendants' park.

The learned court below ruled that the language creating the easement was ambiguous. The court reviewed the surrounding circumstances and decided that the intention of the parties was to give the defendants an easement appurtenant to defendants' land, which enabled defendants' patrons to use the right of way; it referred to the fact that the deed ". . . did not . . .

limit or restrict the grant to the persons named"; it also placed emphasis upon the decision of this Court in *Seidler et al. v. Waln et ux.*, 266 Pa. 361, 109 A. 643, which it regarded as ruling this case.

We are unable to agree with such construction. Whatever may have been the true intent of the oral agreement relative to the termination of the prior litigation, the agreement was reduced to writing in the stipulation. As with any other written agreements, its terms may not be varied by parol: *Gianni v. R. Russell & Co., Inc.*, 281 Pa. 320, 126 A. 791; *O'Brien et al. v. O'Brien*, 362 Pa. 66, 66 A. 2d 309. Nowhere in the stipulation is it stated, either directly or by inference, that defendants were granted an unrestricted easement over plaintiff's land as a right of way appurtenant to defendants' land. Upon the contrary the plain and unequivocal words of the grant limited the easement for the use of defendants, their heirs, successors and assigns, for *themselves, concessionaires, employees, tenants and suppliers of materials and operations.* The *habendum* limits the grant: *"as herein defined."* That such limited use was intended by these words is demonstrated beyond question, when it is observed that in the stipulation it was agreed that plaintiff was entitled to maintain a locked gate across the right of way, to which defendants were to be given a key *"for the purposes above named."* If defendants' use of the right of way was intended to permit its use as a general easement (which would include defendants' patrons), the provision concerning the locked gate would not have been necessary.

When an easement is created appurtenant to land, and the deed is to the grantee "his heirs and assigns" the right to the use of the easement extends to all who, with the permission of the grantee or his successors, may lawfully desire to use it: *Seidler et al. v. Waln et ux.*, 266 Pa. 361, 109 A. 643. But where the use is *specific or limited* it is restricted to the use specified in the grant:

*Shawnee Lake Association v. Uhler et ux.,* 131 Pa. Superior Ct. 146, 198 A. 910. In *Witman v. Stichter et al.,* 299 Pa. 484, 488, 149 A. 725, it is said: " 'In construing the grant or other instrument whereby the easement is created, the document itself, and that only, can, in the first instance, be looked at to discover the extent and nature of the agreement and the terms of the grant. If on the face of the document no doubt arises that the words are used in their primary sense, and if, read in that sense, they are plain and unambiguous, the matter is concluded': Gale on Easements, page 80; Where the intention of the parties can be ascertained, nothing remains but to effectuate that intention: 2 Devlin on Real Estate 835; The terms of the grant, as they can be learned either by words clearly expressed, or by just and sound construction, will regulate and measure the rights of the grantee: 2 Devlin, supra, quoting Salesbury v. Andrews, 19 Pick. 250, 252." Cf. *Thompson Trust,* 348 Pa. 228, 35 A. 2d 261.

The construction of the present grant is to determine *who* may use the right of way. We are not now concerned with the *manner* of use. What was said in *Dowgiel v. Reid et al.,* 359 Pa. 448, 59 A. 2d 115, relative to the *manner* of user has no application to this case.

This Court will not consider whether the action of the plaintiff may have been motivated by maliciousness. It has long been decided that a lawful act is not rendered unlawful merely because of a malicious motive: *Cohen et ux. v. Perrino et ux.,* 355 Pa. 455, 458, 50 A. 2d 348, and the many cases therein cited.

The decree is reversed. The record is remitted with instructions to grant the injunction prayed for by a decree not inconsistent with this opinion. Costs to be paid by appellees.