**Pagano v. Pennsylvania American Water**

**368**

C.P. of Monroe County, no. 4001 CV 2010.

*George T. Westervelt* Jr., for plaintiffs.
*T. Axel Jones*, for defendants.

ZULICK, *J.*, October 26, 2010—Michael and Susan Pagano have filed an action to quiet title seeking a declaration by the court that they have an easement across lands of Pennsylvania American Water and Metropolitan Edison Company. The Paganos own a tract in the Townships of Hamilton and Ross of approximately 100 acres that is allegedly landlocked. The case is now before the court on the preliminary objections of defendant Pennsylvania

American Water (PAW) to the amended complaint of plaintiffs Michael and Susan Pagano (the Paganos).

The Paganos' property, tax ID 15/1/2-1C, is located next to land owned by PAW. The chain of title to PAW's land reflects that when the land was previously owned by Lehigh University (Lehigh), Lehigh granted two easements over the property to Metropolitan Edison Company (MetEd). The first easement was a right-of-way granted by agreement dated February 13, 1939 (1939 easement). The second was a right-of-way for a power line granted by agreement dated July 14, 1959 (1959 easement). The Pagano complaint alleges that MetEd has agreed by letter to allow the Paganos use of both easements over PAW's land to access their property.

The Paganos filed a complaint on April 30, 2010 to which PAW timely filed preliminary objections. On July 6, 2010 I sustained PAW's objections and struck the complaint. At that time, the Paganos were granted leave to file an amended complaint. On July 26, 2010, the Paganos filed an amended complaint. PAW timely filed preliminary objections, briefs were submitted, and the case was argued on October 4, 2010.

## DISCUSSION

In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). The "court need not accept as true conclusions of

law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Ins. Co. v. Deshler*, 661 A.2d 481, 483 (Pa. Cmwlth. 1995). The "lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *United Refrigerator Co. v. Applebaum*, 410 Pa. 210, 213, 189 A.2d 253, 255 (Pa. 1963). Preliminary objections in the nature of demurrers should be sustained where facts averred in a pleading are clearly insufficient to establish the pleader's right to relief. See *HCB Contractors v. Liberty Place Hotel Associates*, 539 Pa. 395, 397, 652 A.2d 1278, 1279 (Pa. 1995).

The plaintiff must state the material facts of a complaint "in a concise and summary form." Pa.R.C.P. 1019(a). The allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support the claim." *Estate of Swift v. Ne. Hosp. of Philadelphia*, 690 A.3d 719 (Pa. Super. 1996) *appeal denied,* 701 A.2d 557 (Pa. 1997). Finally, "[i]f an issue of fact is raised, the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2).

## I. *Motion to Strike*

PAW asserts that the complaint should be stricken because of variations used in identifying PAW. The caption in both the notice to plead and the amended complaint identifies the water company as "Pennsylvania American Water." However, paragraph two of the amended complaint identifies the water company as "Pennsylvania American Water American

Water Works Service Co. Inc." The deed which the Paganos have attached as exhibit "B" to the amended complaint identifies the owner of the land across which the easement is sought as "Pennsylvania-American Water Company."

This discrepancy would ordinarily lead to an order for the filing of an amended complaint. However, the complaint has other shortcomings which will lead to its outright dismissal.

## II. *Demurrer—Easement by Necessity*

PAW has demurred to the Paganos count seeking an easement by necessity. The Paganos have conceded that they do not have a cause of action for an easement by necessity. See answers to preliminary objections, page 1. This objection will be sustained.

## III. *Demurrer Access to Existing Rights-of-Way*

The Paganos assert that they have a right to gain access to their property via the 1939 and 1959 easements granted to MetEd over property presently owned by PAW. This is an argument in the abstract, because at this point, the Paganos do not have a recorded assignment of easement from MetEd, rather they rely upon a letter agreement which is more accurately termed a license.

MetEd has easements from PAW's predecessor in title that cross PAW's land. See amended complaint, exhibit "D." Separately, the easements do not afford access to the Paganos' property; only when used together do the easements provide access. The Paganos have not alleged

that they have an easement, and the pleadings do not provide any basis for the granting of an easement by the court.

### a. *The 1939 Right-of-Way Easement*

PAW cites the language of the agreement conferring the 1939 right-of-way easement which provides in part:

> "[T]he right to enter upon and erect, inspect, operate, replace, repair, and maintain a line or lines of poles, and/or H-frame and/or towers with necessary wires, or cross arms, guy wires, push braces and other usual fixtures and appurtenances used or adapted for the transmission of electric current for light, heat or power." Amended complaint, exhibit "D," 1939 agreement. PAW argues that the agreement does not provide access to the PAW property, nor does it use the "usual" terms including "ingress, egress, and regress." PAW brief in support of preliminary objections, page 5.

The Paganos, in turn, point to language elsewhere in the document which they argue is broader and can be reasonably construed to provide an access easement. That language provides: "[t]he grantor hereby conveys to the Grantee, its successors and assigns an easement, right, privilege and right of way of the width of fifty (50) feet, upon, over and across the lands of the Grantor...." Amended complaint, exhibit *"D,"* 1939 agreement. In support of a broad reading of the language, the Paganos quote *Bowers v. Myers*, 237 Pa. 533, 538-39, 85 A. 860, 861 (Pa. 1912):

> A right of way granted or reserved in general terms

may be used for any purpose reasonably necessary for the party entitled to use it. The fact that the person entitled to such way has used it for one purpose only for a long series does not restrict its use to that purpose only. The grant being in general terms, it must be construed to include any reasonable use to which the land may be devoted.

The Paganos also cite *Benner v. Junker*, 190 Pa. 423, 43 A. 72 (Pa. 1899) and *Piper v. Mowris*, 466 Pa. 89, 100, 351 A.2d 635, 641 (Pa. 1976).

*Piper*, decided in 1976, was the last case to cite *Bowman* and *Benner*. As PAW observes, the "vintage of these cases...is significant in the easement context." PAW reply brief, page 3. Both *Bowers* and *Benner* were decided before widespread use of the automobile. In *Bowers*, the parties' dispute centered on whether a right-of-way to an alley included use of the alley as a driveway for horses and vehicles. The court found that a right-of-way easement expressed in general terms allowed for reasonable uses. *Bowers* at 861. In addition to the agreed use of the alley as a footway, the court concluded, it could be used as a driveway for horses and vehicles. Similarly, the *Benner* court found a right-of-way easement for use of an alley, conveyed in general terms, did not preclude heavy wagon use by a baker in the course of his business. In each case, an existing right-of-way was interpreted to accommodate different reasonable uses.

These cases may assist MetEd in the interpretation of its easement. But the Paganos are asking the court to declare that they have an easement across PAW's land.

The Paganos are attempting to turn a utility's right-of-way easement into an access easement for themselves. These cases do not support that conclusion.

The MetEd easements also contain language reserving for PAW "the right to cultivate the ground between said poles and towers and beneath said wires, provided that such use shall not interfere with or obstruct the rights herein granted." Amended complaint, exhibit "D," 1939 agreement. Cultivating ground and development of a road may be mutually exclusive uses of the right-of-way easement. PAW argues that if the Paganos developed a road, paved or otherwise, the ability of PAW and/or future owners of PAW's land to exercise the right to cultivate would be compromised. However, the court does not have to decide the extent to which PAW's right to cultivate trumps MetEd's use of its easement. The complaint does not set forth any basis upon which the court may declare that the Paganos have or are entitled to an easement from PAW.

b. *1959 Power Line Easement*

Similar to the 1939 document, the 1959 agreement conferring the power line easement contains language reserving the right to construct and maintain a power line.

It provides in part:

"[T]he right to construct, maintain and operate an electric line consisting of poles, conductors, overhead and underground lightning protective wires, private communication wires, guys, push braces, and other

apparatus and equipment deemed by the Grantee to be necessary therefore, upon, over, across, and under the lands of the Grantor...." Amended complaint, exhibit "D," 1959 agreement.

Unlike the 1939 document, however, the 1959 agreement does not contain a general grant of a right of way. Cf. Amended Complaint, exhibit *"D,"* 1939 agreement ("[t]he grantor hereby conveys to the Grantee, its successors and assigns an easement, right, privilege and right of way of the width of fifty (50) feet, upon, over and across the lands of the Grantor...."). The arguments the Paganos make in support of a broad reading of the right-of-way agreement allowing for "any reasonable use," therefore, gain even less traction from the 1959 agreement than they did from the 1939 document.

The 1959 agreement also contains language similar to the 1939 agreement in reserving "the right to cultivate the ground between the poles or other supporting structures of said lines, provided that such use shall not interfere with or obstruct the rights herein granted." Amended complaint, exhibit "D," 1959 agreement.

When an easement is created appurtenant to land, and the deed is to the grantee, "his heirs and assigns" the right to the use of the easement extends to all who, with the permission of the grantee or his successors, may lawfully desire to use it. *Seidler v. Waln,* 266 Pa. 361, 109 A. 643, 8 A.L.R. 1363. But where the use is specific or limited it is restricted to the use specified in the grant. *Shawnee Lake Association v. Uhler,* 198 A. 910 (Pa. Super, 1933). *Nallin-Jennings Park Co. v. Sterling,* 364 Pa.

611, 614, 73 A.2d 390, 392 (Pa. 1950). Here the 1959 MetEd easement was limited to "the right to construct, maintain and operate an electric line..." Amended complaint, Exhibit D. There is no basis in law for the court to "grant the Paganos an easement" for access to their land under these circumstances. Indeed, the letter authorization the Paganos received from First Energy specifically stated: "5. Mr. Pagano, it is your obligation to obtain and (sic) Access Easement from the underlying fee owner for any portion of the proposed access drive which lies outside of your property boundaries." First Energy letter of December 31, 2007 attached as Exhibit E to the Pagano amended complaint. The Paganos have not alleged any facts which would entitle them to a finding that they now have an easement for ingress and egress across the PAW land or a valid claim to one.

## CONCLUSION

The Pagano amended complaint does not set forth a basis in law for the declaration that they have an easement across PAW land for access to a public road.

## ORDER

And now, October 26, 2010, upon consideration of defendant Pennsylvania American Water's preliminary objections to plaintiffs Michael and Susan Pagano's amended complaint, it is hereby ordered that said preliminary objections are sustained and the complaint is dismissed.