GEORGE C. BENTLEY *vs.* HENRY T. ROOT *et al.*

The owner of land in the city of Providence laid out a gangway thereon which
was a *cul de sac* ten feet wide running from S. street. In 1830 he conveyed a
lot bounding northerly on the gangway with the privilege of using it at all
times, forever, " with the express understanding that the said (grantor) is to
keep a gate across said gangway, adjoining said S. street, unless otherwise
agreed on by the parties to this deed."

*Held*, that the grantee took the fee to the centre of the gangway adjoining the
lot.

The mere fact of there being an encroachment on a way does not confer a right
upon every abutting owner to equitable relief. There must be some special
ground of equity.

Hence, where a brick building encroached on a way three feet and eight inches,
and the owner of the building sometimes used one end of the way for the

temporary storage of goods and boxes, but not so as to interfere with the use of the way by the complainant whose lot abutted on the way, equity will not grant relief, since it would be of no real benefit to the complainant and would cause great inconvenience to the respondent, but will leave the complainant to his remedy at law.

Where a building has encroached on a private way for more than twenty years without objection, the easement in the land covered by the building is lost.

BILL IN EQUITY for an injunction. Heard on pleadings and proofs.

*September* 20, 1895. STINESS, J. The complainant, alleging that he is the owner in fee of one third of a gangway, ten feet wide, adjoining his land on Summer Street in Providence, seeks to enjoin the respondents from using the same as appurtenant to a lot which is not a dominant estate, and to enjoin them from obstructing the gangway.

The first issue raised by the pleadings is that of title in the complainant. Has he a title in fee to the land, or only an easement in it?

The gangway was laid out by William Olney, a former owner, wholly upon his own land. He sold a lot to Dinah and Barbary Battey in June, 1830, bounding northerly on the gangway, with the privilege of using it all times forever, " with the express understanding that the said Olney is to keep a gate across said gangway, adjoining said Summer Street, unless otherwise agreed on by the parties to this deed." At the hearing we were of opinion that the way was not intended for a street, but was a narrow *cul de sac* across which Olney had the right to maintain a gate, and hence, that the presumption of a grant by this deed to the middle of the way was rebutted. But the language and boundaries of the deed, and a comparison of the case with *Healey* v. *Babbitt*, 14 R. I. 533, and *Greene* v. *O'Connor*, 18 R. I. 56, leads us to a different conclusion. The provision about the gate seems to imply a title in the gangway in the grantees ; otherwise they would have no voice in the matter and nothing to agree to. It would have been all in Olney's hands. The implication of a grant of title in the gangway to the grantees is confirmed by a deed of Olney to Holden in 1841, in which he refers to it as " owned equally " by the

owners of the three lots into which he had divided and sold his land. Although the proportion is not accurately stated, it shows that he considered that he had parted with his title. If so, he had given title to his grantees to the middle of the way, according to the rule established in this State.[1] *Hughes* v. *Providence & Worcester R. R. Co.*, 2 R. I. 508 ; *Tingley* v. *City of Providence*, 8 R. I. 493 ; *Healey* v. *Babbitt*, *supra* ; *Anthony* v. *City of Providence*, 18 R. I. 699. See also *Stark* v. *Coffin*, 105 Mass. 328 ; *Fisher* v. *Smith*, 9 Gray, 441 ; *Winslow* v. *King*, 14 Gray, 321 ; *Hennessy* v. *Murdock*, 137 N. Y. 317 ; *Peck* v. *Denniston*, 121 Mass. 17 ; *Newhall* v. *Ireson*, 8 Cush. 595. We find that the complainant and respondents have title in fee to the centre of the way adjoining their respective lots.

Upon the issue of user of the way by the respondents for a lot to which it is not appurtenant the proof is so slight and uncertain that we do not feel warranted in basing a decree thereon.

Upon the issue relating to the obstruction of the way by the respondents it appears that their brick building encroaches on the easterly end of the way about three feet eight inches, and that the easterly end of the way is sometimes used for the temporary storage of goods and boxes, but not so as to interfere with its use by the complainant. There can be no doubt of the right to object to an obstruction of a way, temporary or permanent, by one who has a title or easement therein. But, as said by Chancellor Williamson in *Bechtel* v. *Carslake*, 11 N. J. Eq. (3 Stock.) 500, "the mere fact of an individual's encroaching upon the street by a building does not confer upon every one owning a house upon the street a right to invoke the jurisdiction of this court to prevent the encroachment. The party who seeks redress here in such a case, must show some special ground of equity." The same rule was followed in *Chapin* v. *Brown*, 15 R. I. 579. In *Beckwith* v. *Howard*, 6 R. I. 1, the owner of a

---

[1] Olney's deeds describe the lots conveyed as bounding "on a ten foot gangway," or as extending to the gangway then turning and running "on said gangway."

small part of a gangway was granted an injunction; but it was based upon the respondent's own agreement, in a lease, to keep it open. Whether there has been a waiver of the easement in the part of the way covered by the building, by reason of acquiescence in its erection, does not appear in proof and is not decided. Assuming all the obstruction which the complainant claims, still, as it does not interfere with his use of the way, and relief in equity would be of no real benefit to him, but a cause of great trouble to the respondents, we think, as in *Chapin* v. *Brown, supra,* we may properly leave him to his remedy at law.

As to the encroachment of the complainant's building upon the northerly line of the way, it appears that it has existed for more than twenty years without objection, and the easement in the land covered by the building is lost. *Steere* v. *Tiffany,* 13 R. I. 568.

As the scope of the bill is chiefly to settle the rights of the parties to the gangway, and therefore equally for the benefit of both parties, we dismiss the bill without costs.

*C. Frank Parkhurst & Clarke H. Johnson,* for complainant.

*Clarence A. Aldrich & Richard E. Lyman,* for respondents.