LEO W. WOLFE *et al. vs.* CITY OF PROVIDENCE *et al.*

JANUARY 29, 1948.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

CAPOTOSTO, J. This cause is before us on complainants' appeal from a decree of the superior court sustaining a demurrer to their bill of complaint and dismissing the bill. The prayer of the bill asks for an injunction and damages against the city of Providence and its traffic engineer, Philip S. Mancini, for unlawfully closing a portion of Promenade street, a public highway in that city. For convenience, we will hereinafter treat the respondents as if the city were the sole respondent. The complainants are husband and wife. Complainant Gertrude M. Wolfe is the lessee of certain premises at the corner of Promenade and Gaspee streets. Leo W. Wolfe, the other complainant, rents the lessee's premises and conducts thereon the business of a gasoline filling station.

The allegations in the bill with reference to the wrong done to the complainants, as distinguished from the allegations referring to the damages resulting therefrom, are not set out with such directness and clarity as one would expect to find in a bill of this nature, especially where the prayer asks for injunctive relief against a municipality and its officers in the exercise of administrative functions. However, construing the allegations respecting the wrong complained of most favorably to the complainants, the bill in paragraph fourth in substance alleges that the respondent arbitrarily, illegally and permanently deprived the complainants of *all* ingress to and egress from their land on Promenade street; and, as a corollary of this allegation, paragraph fifth alleges that the respondent has completely and permanently deprived the complainants of the easement, appurtenant to their land, in and to Promenade street for its entire length.

The respondent demurred to this bill on the grounds of want of equity, adequate remedy at law, and action by the city by warrant of law. We note here that the respondent did not demur on the ground that the allegations of the bill were too vague, indefinite and uncertain, or that they failed to inform it of the wrong that the complainants relied upon.

■■ The field of inquiry on demurrer to a bill in equity is a narrow one and it should not be extended to meet an unusual or appealing situation. On this point we can do no better than to quote the language of this court in *Dike* v. *Greene,* 4 R. I. 285, at page 287, which has remained unchallenged for almost one hundred years. "In hearing a demurrer, a court of equity does not sit to *ascertain* facts, whether by direct evidence or by deduction or inference . . . . The *bill* ascertains the facts; and its statements of facts, whether well or ill founded, and whether by comparison and inference the court might or might not, if at liberty to make inferences of fact, conclude them all to be true, must, for the occasion, all be taken to be true . . . ." Matter well pleaded is admitted by the demurrer and while it "allows the party demurring the benefit of every conclusion of law from the facts stated in the bill, on the other hand, it does not allow *him,* or the court, to infer further facts from them in his favor." Stated otherwise, the allegations of a bill are sufficient if under them proof of facts can be made which would entitle the complainant to relief. *Viall* v. *Rhode Island Hospital Trust Co.,* 45 R. I. 432; *Hazard* v. *Durant,* 11 R. I. 195; *Aldrich* v. *Howard,* 7 R. I. 87.

■ The bill in the instant cause is based on the theory of a continuing trespass to complainants' right of property resulting in irreparable injury. It clearly appears from the transcript of the argument on the demurrer that the respondent did not challenge, either as to form or substance, the allegations of the wrong, but that it did contend chiefly that it had acted under warrant of law, and that in any event the complaintants had an adequate remedy at law. On the latter point, the transcript reads as follows: "Now we bring our demurrer because, in our opinion, under Setchell Auto Parts, Inc. vs. Artamian & Sutcliffe, Inc., 50 R. I. 144, we must demur to save our rights." This is followed by a correct statement of the decision in the *Setchell Auto Parts, Inc.* case which holds that, where a bill in equity has been heard on its merits and a decree

entered, it is too late to raise the issue that the complainant had an adequate remedy at law, as such contention should have been raised by demurrer to the bill and, in failing to do so, the respondent must be held to have waived his right to question the jurisdiction of the court when he proceeded to trial upon the issue of fact raised by his answer. So far the record is clear.

Confusion thereafter arose because of respondent's argument on its contention˙ that it acted under warrant of law. It relied for such authority on the asserted provisions of a certain regulation of its bureau of police and fire for the control of traffic, which regulation, it argued, had been adopted under an enabling act of the legislature that it cited. The bill made no reference to such˙ regulation. In the course of this argument the respondent further resorted to various assumptions, inferences and evidence which were not within the allegations of the bill, and some of which were inconsistent with or adverse thereto.

The matter then properly before the court concerned only the narrow issue raised by the demurrer, that is, whether the allegations of the bill were sufficient to state a cause in equity. The gratuitous injection, into the hearing, of evidence and matters that were not within the allegations of the bill was not only irrelevant but tended to divert the court's attention from determining, according to well-established equity rules, the sole issue raised by the demurrer.

 In the absence of specific objection to the allegations of the bill, it is our judgment that the statement of the wrong as summarized earlier in this opinion may be dealt with as sufficient to confer jurisdiction in equity. According to those allegations the respondent has completely and permanently deprived the complainants, who are treated as owners of land on a public highway, of *all* access to their land from Promenade street, and, in like manner, has also deprived them of their special right of property in that highway over and above the mere ease-

ment of passage which they have in common with the general public. These allegations, which were admitted by the demurrer, are sufficient to state a cause for relief in equity. Upon this view of the alleged wrong, respondent's ground of demurrer that the complainants have a complete and adequate remedy at law is untenable.

The allegations in the instant bill, as above interpreted by us, which the demurrer admitted, present substantially the same basic questions of law that we considered and decided in the recent case of *Newman* v. *Mayor of Newport,* 73 R. I. 385. We deem it unnecessary to repeat here what we decided in the *Newman* case, as the principles of law therein discussed are applicable to and determinative of the questions immediately before us in the cause at bar. Whether the complainants can later substantiate by proof the allegations of their bill is not a matter for consideration on demurrer.

It is our opinion that there was error in sustaining respondents' demurrer and dismissing the bill. Complainants' appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Fergus J. McOsker,* for complainants.

*William E. McCabe,* City Solicitor, *Irving Winograd,* Assistant City Solicitor, for respondents.