WILLIAM B. SHARP *et al. vs.* SILVA REALTY CORPORATION.

AUGUST 6, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a bill in equity in which the complainants, husband and wife, seek to permanently enjoin the respondent, a Rhode Island corporation, from trespassing on, excavating, changing the grade of, interrupting and interfering with a certain easement of way adjoining their lot. This right of way had been acquired by express grant in the same deed by which ownership of the adjoining lot had been transferred to them and was by such deed expressly made appurtenant to said lot. The complainants also prayed for damages. The cause was heard before a justice of the superior court on bill, answer, replication and proof. After making certain findings of fact, a final decree was entered granting some of the relief prayed for and denying and dismissing the remaining prayers of the parties. From such final decree the complainants and the respondent thereupon prosecuted their appeals to this court.

It appears from the evidence that complainants and respondent owned adjoining real estate on Lonsdale avenue in the town of Lincoln. Both parcels of land were originally owned by a common grantor, namely, the Lonsdale Company. In 1935 the Lonsdale Company conveyed lot 77, the northerly portion of said parcels of land, to Alexander K. Wright and wife by a warranty deed which also contained the following express grant of a right of way: "Together with an easement of way, as appurtenant to the above granted premises, to pass and repass on foot and with vehicles to and from Lonsdale Avenue over that northerly portion of Lot No. 76 (seventy-six) on said plat which is laid out and designated on said plat as '30' wide Right of Way to Lot 77 and Lonsdale Co.' "

In 1943 the Wrights conveyed lot 77 to complainants by a deed which also contained in the same terms the grant of an easement of way appurtenant to the granted premises. This right of way included within its 30 feet a bank sloping down from the grade of the dominant tenement, lot 77, to the traveled portion of the way. At the top of the

bank and within the limits of the right of way was a hedge extending easterly from Lonsdale avenue all the way to the rear boundary of lot 77. This hedge had been in existence for many years.

In 1950 the Lonsdale Company conveyed the southerly portion of said adjoining parcel, namely, lot 76, the servient tenement, to respondent. This conveyance was made expressly subject to complainants' easement of way in the following terms: "This deed is executed subject to a right of way of record over the northerly thirty (30) feet of the premises herein conveyed * * *." The recorded plat to which reference is made in the deeds and which is entitled "Plan of Tenement Property at Lonsdale, Lincoln, R. I. belonging to the Lonsdale Company By Waterman Engineering Company Sept. 1935" also shows in express terms the complainants' easement of way.

It appears from the evidence that when lot 77 was conveyed in 1935 to the Wrights by the Lonsdale Company an old garage stood in the rear of the lot approximately 30 to 50 feet northerly from the right of way. In 1952 complainants built a new two-car garage at or close to the boundary line of lot 77 and the northerly line of the right of way at a point about 65 feet easterly from Lonsdale avenue. They removed a section of the hedge and banking at that location to provide an entrance to the garage. The garage was built on the grade of lot 77, not on the grade of the right of way. For this reason complainants built a ramp in front of the garage with a three-foot apron of cement and an area of black top which extended out over the right of way. There was some evidence that a cement retaining wall, which had been erected to support the ramp, extended southerly on to the right of way and that the height of the retaining wall and the grade of the ramp were higher than the grade of the right of way.

The testimony was conflicting on the question pertaining to how far the ramp extended out over the right of way.

The same was true relative to the evidence as to whether or not the grade of the ramp and the height of the retaining wall were higher than the grade of the right of way. The evidence was also contradictory as to whether the ramp interfered with the use of the right of way. In any event complainants testified and the trial justice found as a fact that in 1955 respondent began blocking the right of way with trucks and other vehicles. They testified further that when they remonstrated with respondent, the latter entered upon the easement of way with a bulldozer and excavated and changed the grade thereof, within a few inches of the doorway of complainants' garage, to such a depth as to prevent all ingress and egress and every use thereof by complainants, and although respondent did not enter complainants' land, it nevertheless damaged the concrete apron and retaining wall by removing the same and thus forced complainants and their tenant to leave their automobiles out-of-doors for a long time.

The evidence presented by respondent was in substance that by constructing the ramp as they did complainants had changed the level and contour of the right of way; that the ramp as constructed created an encroachment on its property and interfered with respondent's use thereof; that after failure of many attempts to get complainants to remove it, respondent rightfully removed the ramp without entering or trespassing on complainants' land; that the hedge had existed adversely for over ten years; and that complainants had removed a portion of respondent's hedge. During the course of the hearing the trial justice found that the hedge is within the 30-foot area of the right of way and that the area covered by the hedge had never been used. He also noted that no one ever expected that such area would be used.

At the conclusion of the hearing a decision was rendered by the trial justice which contained findings of fact substantially as follows. He found that complainants had

proved the allegation that respondent had interfered with the right of way by blocking it with motor vehicles. He also found on the evidence before him that the ramp along its easterly side constituted an unwarranted interference with the use of the way by respondent and that, therefore, complainants should correct the grade of the ramp in order to reduce this difficulty to a minimum. The trial justice based his refusal to allow any damages to complainants on the ground that they had brought on the difficulties in the instant case by building the garage so close to the boundary line. He noted that they could have constructed it further back on their lot so as to have an entrance to the garage, on the right of way, at the same level of it.

Moreover, the trial justice stated that on the evidence he was not satisfied respondent was acting wrongfully when it destroyed the ramp then existing in the right of way, which he inferred was longer than the substituted ramp. He noted that such ramp extended 14 or 16 feet into the right of way and that it was quite a bit shorter and steeper than the one which had been bulldozed into destruction. He also found that complainants had failed to prove by a fair preponderance of the evidence that the facts did not justify respondent's reliance upon the self-help rule, and further that the facts alleged in the bill pertaining to the use of the bulldozer were not adequate to support the legal conclusion of a violation of property rights.

On the claim of title by adverse possession to the area covered by the hedge, which was made by both parties, the trial justice found that neither had established such title by adverse possession and that there had been no abandonment of any rights by complainant or respondent to the area in question. He found that complainants had a right to remove that portion of the hedge which interfered with their free access to the new garage, and to cut into the bank in the manner in which they did in order that the garage floor level might be brought closer to the level of the right

of way. He concluded by stating that a decree might be entered covering his findings, including a requirement upon complainants that the way be corrected, and an injunction against respondent to prevent the blocking of the way.

Apparently the parties could not agree on the form and substance of a decree. Further hearings were therefore held before the trial justice and each party submitted proposed final decrees. In any event a final decree was subsequently entered which reads as follows:

"1. That the Complainants have a valid easement of way to pass and re-pass on foot and with vehicles over the northerly 30 feet in width by the entire depth of the Respondent's lot numbered seventy-six (76) on that plat entitled 'Plan of tenement property at Lonsdale, Lincoln, R.I. belonging to the Lonsdale Company, by Waterman Engineering Company, Sept. 1935,' which said plat is on file in the office of the Recorder of Deeds in said Town of Lincoln on Plat Card 188, which easement of way is appurtenant to the Complainants' lot numbered seventy-seven (77) on said plat.

2. That the Complainants had the right to remove so much of the hedge as interfered with their free access to the right of way from their property and to cut into the bank along the northerly side of the right of way, in the manner in which they did, in order to reach the travelled portion of the way from Complainants' said lot.

3. That said Respondent be and it hereby is permanently enjoined from interfering from said passage in said way by the parking of motor vehicles by the Respondent itself or by its agents, servants or invitees.

4. That the Complainants be and they hereby are required to correct the grade of the ramp leading from the travelled portion of said way to the Complainants' said garage along the easterly side or edge thereof so as to reduce the present difficulty referred to in the rescript to a minimum.

5. The remaining prayers of the parties are denied and dismissed."

The parties have each filed ten reasons of appeal. However, the appeal of each is based substantially upon the usual grounds that the final decree is against the law, the evidence and the weight thereof. The appeal of each in substance claims that the trial justice made erroneous findings of fact or that he misconceived the evidence and misapplied the law. In addition, complainants' appeal is also based in part on certain exceptions taken during the hearing to rulings by the trial justice upon the admission and exclusion of certain testimony.

The complainants contend that they have a right to an unobstructed passage at all times over all parts of the right of way in question to any portion of the dominant tenement and to such rights as are incident or necessary to the enjoyment of such right of passage. They further contend that their rights are paramount, to the extent of the grant, to those of the owner of the servient tenement and that respondent has unlawfully interfered with such rights. Consequently, they claim they are entitled to exemplary damages and costs including reasonable attorney's fees.

The respondent in substance contends that the trial justice misconceived the evidence, and that he failed to make essential findings of fact concerning the period of time the hedge existed as a barrier to passage into complainants' land from the right of way through the line upon which the hedge stood. The respondent further contends that the trial justice erred when he found that complainants had a right to remove the hedge, and when he decreed, after finding that the ramp was an unwarranted interference with respondent's use, that such interference be reduced to a minimum. He also contends that the final decree as entered is not in conformity with the decision and that such decision contradicts the finding that respondent was not acting wrongfully when it destroyed the ramp then existing in the right of way.

Finally, respondent contends that the trial justice erred in finding that complainants had a right to remove that portion of the hedge which interfered with the free access to the new garage and to cut into the bank. For these reasons, it claims that the bill of complaint should be denied and dismissed, and that complainants should be ordered to replace the destroyed hedge, to restore the grade, and to reimburse respondent for the money which it had paid by court order for the temporary ramp.

After a careful examination of the entire record it is our opinion that the trial justice did not misconceive the evidence and that the findings of fact made by him were supported by the evidence and the reasonable inferences which could be drawn therefrom. Certain of the evidence was not in dispute while other portions thereof were contradictory. Unless these findings are clearly wrong and fail to do justice between the parties, we should not set them aside. However, we find nothing in the record which requires us in the interest of justice to do so since such findings are fully supported by the evidence. *Prudential Ins. Co. of America* v. *Tutalo,* 55 R. I. 160, 162.

The question of the acquisition of any interest by adverse possession, or of the abandonment by either party of any such interest in the area covered by the hedge was correctly disposed of by the trial justice. The respondent did not own lot 76 for the prescriptive period required by the statute and there is no evidence that its predecessor in title ever made such a claim so as to enable respondent to tack on to the claim of such predecessor in title. Nor is there any evidence which would justify a finding of abandonment of the area by complainants.

Neither party disputes the finding by the trial justice that complainants have a valid easement of way to pass and repass on foot and with vehicles over the northerly 30 feet in width by the entire depth of respondent's lot 76, and that such easement of way is appurtenant to complainants'

lot 77 on said plat. However, complainants contend that he erred in finding that the ramp in question constituted an unwarranted interference with respondent's use of the way, and that therefore the decree is erroneous insofar as it ordered complainants to correct the grade of the ramp.

It is well established that where the easement is created by grant and is not limited in its extent or scope by the terms of the grant, it is available for the reasonable uses to which the dominant estate may be devoted. It is also well established: "The right of the easement owner and the right of the landowner are not absolute, irrelative, and uncontrolled, but are so limited, each by the other, that there may be a due and reasonable enjoyment of both. It has been held that the rights of the owner of the easement are paramount, to the extent of the grant, to those of the owner of the soil, and it is an established principle that the unrestricted grant of an easement gives the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement." 17 Am. Jur., Easements, §96, p. 993. See also 130 A.L.R. 768.

However, it is equally well settled that what is or is not necessary for such reasonable use by the dominant tenement, as well as by the servient tenement, is a question of fact to be determined by the trial justice or jury. *Harvey* v. *Crane*, 85 Mich. 316, 12 L.R.A. 601. It is therefore our opinion that in the instant case the trial justice was warranted by the evidence in finding that the grade of the ramp was not necessary to a reasonable use of complainants' easement of way and therefore his ruling ordering them to correct the grade of the ramp was not erroneous.

The determination of the issue raised by complainants' prayer for damages was within the sound discretion of the trial justice. He based his refusal to allow any damages to them on the ground that on the evidence before him he found that they had brought on the difficulties by building their garage so close to the boundary line. We cannot say

that such finding and ruling by the trial justice was clearly wrong and therefore they should not be disturbed by us. *Graziano* v. *Graziano,* 81 R. I. 215.

The complainants also contend that the trial justice erred in finding that they had failed to prove by a fair preponderance of the evidence that the facts did not justify respondent's reliance upon the self-help rule and in finding that the bill of complaint does not allege facts adequate to support the legal conclusion of a violation of property rights. From our examination of the record herein, we cannot say that the trial justice was clearly wrong in so holding, or that his decision failed to do justice between the parties. Therefore it is our opinion that such findings are without error. *Prudential Ins. Co.* v. *Tutalo, supra; People's Savings Bank* v. *Rynn,* 57 R. I. 411.

There is no merit in respondent's contention that the trial justice erred in finding that complainants had a right to cut into the bank and remove a portion of the hedge at the location of the new garage. This was an issue of fact based upon the question of whether or not it was necessary to do this in order to reasonably enjoy their rights in the easement. Under the grant in the conveyance to them, complainants have not only a right to an unobstructed passage at all times over the right of way, but also such rights as are incident or necessary to the enjoyment of such use. *Harvey* v. *Crane, supra.* Therefore we cannot say that the trial justice was in error in so finding.

We find it unnecessary to consider the remaining questions briefed and argued by the parties, as we are of the opinion that the trial justice correctly limited the provisions of the final decree to the principal issues raised and to the pertinent findings of fact made by him. These were the alleged blocking by respondent of the right of way with motor vehicles and the issue pertaining to whether or not the ramp as it existed was necessary for a proper and reasonable use of the right of way by the complainants in

order for them to go in and out of their new garage. After careful consideration of all the evidence, we find that the decision of the trial justice was based upon findings of fact which were amply supported by the evidence and that the final decree as entered conforms to such decision.

The appeals of both the complainants and the respondent are denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

FLYNN, C. J., did not participate in the decision.

*Corcoran, Foley & Flynn, Francis R. Foley,* for complainants.

*Irving I. Zimmerman,* for respondent.