230 A.2d 860.

MARIO J. SANTILLI *et ux. vs.* LOUIS MORELLI *et ux.*

JUNE 12, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This bill in equity was brought by the owners of a tract of land in the city of Cranston, seeking to enjoin the defendants from an alleged continuing trespass thereon. The cause was tried to a justice of the superior court sitting without a jury, who entered judgment therein directing the defendants to remove the wall. From this the defendants now prosecute an appeal to this court.

The record discloses that the lot owned by plaintiffs is located on Woodlawn Drive in the city of Cranston and is rectangular in shape, extending northerly from Woodlawn Drive for a distance of 100 feet and maintaining a width of 70 feet for that entire distance. The defendants own a similar lot lying to the west of plaintiffs' lot, the easterly line of which abuts on the westerly line of plaintiffs' lot.

It appears from the evidence that plaintiffs caused a survey to be made of the westerly line of their lot, along a portion of which defendants built and have maintained a low retaining wall constructed of railroad ties. According to the survey, a portion of said retaining wall about 12 feet long projects into plaintiffs' lot a distance of about 18 inches. The maintenance of this latter portion of the retaining wall, plaintiffs allege, constitutes a continuing trespass, for which they seek injunctive relief.

The defendants argue, first, that it was error to overrule their demurrer to the bill of complaint. Prior to the effective date of the new rules of procedure of the superior court, January 10, 1966, we would have treated this issue as one involving an equitable demurrer and applied the test stated in *Wolfe* v. *City of Providence*, 73 R. I. 417, 57 A.2d 181. After the effective date of those rules, however, it has been the policy of this court to hear and determine superior court decisions on demurrers, even when decided prior to that time, as if they were petitions for the review of a ruling on

a motion to dismiss a bill of complaint for failure to state a claim upon which relief could have been granted. Rule 12 (b) (6) RCP. For a discussion of the grounds upon which we adopted this policy, see *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R. I. 8, 227 A.2d 582. Since Rule 2 of said rules of civil procedure in effect merges procedurally actions at law and in equity and abolishes the distinction between the forms of action, it is our opinion that the policy to which we refer above is properly extended to include rulings on equitable demurrers.

In *Bragg* we stated that in determining whether the allegations in a bill of complaint would be sufficient to state a claim upon which relief could be granted, we would follow the federal rule, so called. Under that rule the complaint is construed in a light most favorable to the plaintiff with all doubts resolved in his favor and the allegations therein contained to be taken as true. When we test the allegations of the instant complaint by these standards, it is reasonably clear that at trial plaintiffs could produce evidence within the framework of the complaint tending to establish that the retaining wall erected by defendants extended into the property of plaintiffs and thus constituted a continuing trespass. Because we are of this opinion, it is our conclusion that the trial court did not err in overruling defendants' demurrer to the bill of complaint.

The defendants contend also that the decision of the trial justice is against the weight of the evidence. They rest this argument primarily on the contention that the trial justice misconceived evidence relating to a survey of the lot lines made by a surveyor engaged for that purpose by plaintiffs. We have repeatedly held, and in *Sherman* v. *Goloskie*, 95 R. I. 457, 188 A.2d 79, reaffirmed, our adherence to the proposition that the findings of a trial justice sitting in equity based on conflicting evidence are entitled to substantial weight and will not be disturbed by this

court on review unless shown to be clearly wrong. We have closely scrutinized the record in the instant cause and are unable to say as a result thereof that the trial justice either overlooked or misconceived any material evidence, and in those circumstances we cannot say that he was clearly wrong.

In support of their position, defendants argue, in effect, that the evidence adduced through the surveyor was without any substantial probative value on the location of the westerly line of plaintiffs' lot. They argue that the survey was improperly made and that the results thereof are inconclusive because of a failure to use a compass during the operation or to allow for variations arising out of the use of a steel tape in measuring the lines. This is accompanied by other contentions which, defendants argue, are of an impeaching character. The trial justice, however, found on the basis of all the evidence that the survey had been properly made, and in the circumstances we cannot conclude that he erred in so doing.

The defendants, as we understand them, argue also that plaintiffs were not entitled to relief by way of mandatory injunction. In support of this contention, they urge that the encroachment of the retaining wall does not substantially interfere with plaintiffs' use of their land, that such relief is of no real benefit to plaintiffs, and that it would cause considerable inconvenience and pecuniary obligation to defendants. They conclude, therefore, that the grant of the coercive relief constitutes an abuse of discretion on the part of the trial justice.

The position thus taken by defendants appears to have support in the rule laid down by this court in *Bentley* v. *Root*, 19 R. I. 205, 32 A. 918. In that case the respondents had erected a building so as to partially obstruct a private way but not so as to interfere with the use thereof by the complainant. This court denied injunctive relief in that

case, saying: "Assuming all the obstruction which the complainant claims, still, as it does not interfere with his use of the way, and relief in equity would be of no real benefit to him, but a cause of great trouble to the respondents, we think, as in *Chapin* v. *Brown, supra,* we may properly leave him to his remedy at law." This case, in our opinion, however, reflects but an exception to the general rule and provides that where the coercive relief sought would not substantially benefit the plaintiff but would greatly penalize the defendant, equitable relief will often be withheld.

The general rule is well stated, however, in *Ferrone* v. *Rossi*, 311 Mass. 591, 42 N.E.2d 564, as follows: "A continuing trespass wrongfully interferes with the legal rights of the owner, and in the usual case those rights cannot be adequately protected except by an injunction which will eliminate the trespass. The rule does not apply in those exceptional cases where the substantial rights of the landowner may be properly safeguarded without recourse to an injunction which in such cases would operate oppressively and inequitably." See also: *Waterbury Trust Co.* v. *G.L.D. Realty Co.*, 124 Conn. 191, 199 A. 106.

The rule as thus stated appears to be in effect in a substantial number of jurisdictions. Under it the owner of land is entitled to a mandatory injunction to require the removal of a structure that has been unlawfully placed upon his land, and the fact that such owner has suffered little or no damage because of the offending structure, or that it was erected in good faith, or that the cost of its removal would be greatly disproportionate to the benefit accruing to the plaintiff from its removal, is not a bar to the granting of coercive relief. However, the existence of such circumstances may in exceptional cases move the court to withhold the coercive relief contemplated by the general rule.

In our opinion, when this test is applied to the facts of the instant case, it compels us to conclude that it was not

an abuse of discretion on the part of the trial justice to follow the general rule and to grant the coercive relief here sought. It is clear from the evidence that the maintenance of the retaining wall by defendants constitutes a continuing trespass, and there is nothing in the record that is persuasive that any circumstance exists which would render such coercive relief inequitable or oppressive. There was, in our opinion, no error on the part of the trial court in issuing the mandatory injunction contained in the judgment.

It is our further opinion that the defendants in some of their contentions are raising a question more properly concerned with the enforcement of the mandatory injunction contained in the judgment. With this issue this court is not presently concerned. Such question properly should be raised when the plaintiffs seek to enforce the coercive relief granted by resort to contempt procedures.

The appeal of the defendants is denied and dismissed, and the judgment appealed from is affirmed.

*Tillinghast, Collins & Tanner, Albert DiFiore,* for plaintiffs.

*John S. Brunero,* for defendants.