244 A.2d 591.

PATRICK R. REYNAUD *et ux. vs.* LYDIA E. BRAGGER, *Executrix.*

JULY 31, 1968.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

ROBERTS, C. J.  This bill in equity was brought in November 1965 to enjoin the respondent in her capacity as executrix of the estate of Alfred E. Bragger, deceased, hereinafter referred to as Bragger, from foreclosing a mortgage executed by the complainants, who are husband and wife, on property located in West Greenwich and operated as a summer camp.  A decree granting a preliminary injunction was entered December 6, 1965, temporarily restraining the respondent from foreclosing said mortgage.  The cause was subsequently heard by a justice of the superior court, and on April 3, 1967, he denied and dismissed the complaint and entered judgment for the respondent.  From that judgment the complainants prosecuted an appeal to this court.[1]

The record discloses that on March 10, 1964, a mortgage deed was placed on record in the office of the town clerk of West Greenwich, pursuant to the terms of which complainants were named as mortgagors and Bragger as mortgagee. The mortgage was secured by a note evidencing the indebtedness of complainants to Bragger in the principal sum of $31,000.  At trial complainants introduced into evidence a document purporting to be a copy of a typewritten agreement, testifying that the original had been misplaced.  It was therein provided that in the event of Bragger's death, any money remaining due on the mortgage note was to be used for the purpose of furthering the operation of the summer camp and was not to become a part of Bragger's

[1]The preliminary injunction has remained in effect pursuant to the terms of the judgment which provided it was to be dissolved only if complainants failed to file an appeal within the appropriate time.

estate. This agreement was allegedly signed by Bragger on May 9, 1964.

The complainant-husband testified at length concerning the circumstances under which the alleged agreement was entered into. He stated that he and Bragger had several conversations concerning the financial future of the venture which involved the construction of the camp. According to him, Bragger said that he would talk with his lawyer and have some arrangements made which, in the event of his death, would permit complainant to go ahead with the construction and operation of the camp. Edward M. Balkun, Esq., a member of the Rhode Island bar, was Bragger's attorney. Balkun came to the camp and showed complainant a typewritten agreement which made provisions for the forgiveness of any balance remaining on the note at the time of his death. According to complainant, this agreement was signed by both him and Bragger and Mr. Balkun took the original agreement with him when he left but later complainant received a photocopy thereof.

Considerable testimony was adduced concerning the genesis of the purported agreement. The complainant testified, among other things, that he did not know who had typed the agreement and significantly disclosed that he had at the camp a portable typewriter which was identified as his typewriter. He testified that after the death of Bragger he had a number of copies made of the photocopy of the agreement that had been given him. He further testified that he had used these for business purposes and, in so doing, had apparently mislaid the original photocopy provided him and had available only one of his own photocopies, which was introduced into evidence.

Evidence was adduced on respondent's behalf which tended to contradict the testimony of complainant as to the origin and validity of the typewritten instrument purporting to embody the terms of the contract. Of particular sig-

nificance was the testimony of Russell D. Osborn, who qualified as an expert in the examination of questioned documents, particularly with respect to typewritten documents. Osborn testified that the photocopy put into evidence and a letter from complainant to the attorney for respondent were typed on the same typewriter.

Without intending to unduly extend this opinion, we would note that respondent's case is based on her claim that the document introduced into evidence was not genuine. In considering the total evidence adduced on the genuineness of this document, it should be noted that both Bragger and his lawyer, Mr. Balkun, were not available, Bragger having deceased and Balkun having been missing since he disappeared while on an airplane flight. From the foregoing it is clear that the trial justice was confronted primarily with the dispositive issue of whether or not the purported agreement had been entered into by the parties, and on this issue the evidence was in sharp conflict.

In his decision the trial justice stated that an examination of the evidentiary factors had persuaded him that Bragger had not entered into any such agreement nor intended to absolve the debtors from repayment. He further stated: "But I hold on all the evidence that the plaintiff here has not carried the burden of establishing that the instrument, plaintiff's #1, is a genuine instrument * * *." From a reading of the words of the trial justice, it is clear that he considered plaintiff's Exhibit 1, purporting to be a photocopy of the original instrument, a forgery and that it was not a genuine photocopy of any agreement entered into by the parties. From this he clearly inferred that the agreement alleged by complainants had never been entered into by the parties.

It is well settled that in the trial of equity causes findings of fact made by the trial justice therein on conflicting evidence are entitled to substantial weight and on review will

not be disturbed by this court unless clearly wrong. *Sherman* v. *Goloskie,* 95 R. I. 457, 188 A.2d 79; *Santilli* v. *Morelli,* 102 R. I. 333, 230 A.2d 860. One having the burden to show that a trial justice was clearly wrong must establish that in the course of making the findings he overlooked or misconceived some material evidence on a controlling factor. *Smith* v. *Lamoureux,* 103 R. I. 265, 236 A.2d 639.

After closely scrutinizing the transcript in the instant case, we cannot say that the trial justice either overlooked or misconceived any such evidence. Obviously the testimony of the expert on the identity of typewritten documents was in sharp conflict with that of the complainant concerning the origin of the photocopy of the purported agreement between the parties. That credibility entered into this decision is obvious. It must be remembered that the trial justice saw and heard these witnesses as they gave their testimony and was, therefore, in a far better position to evaluate the credibility and weight thereof than this court, which did not have an opportunity to see and hear the witnesses as they testified. From our reading of the language of the trial justice in the context in which he uttered it, we are constrained to conclude that he fully understood and considered all of the evidence upon the issue of the genuineness of the purported agreement. In these circumstances we cannot say that he was clearly wrong.

The complainants' appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Dominic A. St. Angelo,* for complainants.

*John D. Lynch, Raymond A. LaFazia,* for respondent.