DECISION
In this civil action the plaintiffs claim that the defendants have trespassed on the land of the plaintiff Bonnie Shaw by encroaching on an easement enjoyed by the defendants on that land. On this claim the parties have waived jury trial and have agreed to advance and consolidate hearing on the merits with hearing on preliminary injunction under Super. R. Civ. P. 65(a)(2).
I.
This plaintiff derives her title from Mary Taylor, who took title to the land in the southwesterly corner of Exchange Street and Searle Avenue in the City of Cranston by warranty deed from Mildred W. Fowler on November 20, 1970. That conveyance was expressly made subject to an easement set forth in a deed of other land from the same grantor to the defendants on the same date.
On that same date Mildred W. Fowler conveyed an abutting parcel on Searle Avenue to the defendants, Luigi Ruggieri and Barbara Ruggieri, together with an easement on the land conveyed to Mary Taylor to pass and repass on foot so long as a garage on the Ruggieri land should remain standing. The land subject to the easement is described by metes and bounds. The easement is said to be for the purpose of the maintenance of the adjoining premises, but does "not include the right to fence or otherwise delimit the area" over which said easement is granted.
Based on a survey performed by Richard T. Bzdyra, a licensed land surveyor, whose survey is not contradicted by competent evidence, the defendants have placed and maintained two encroaching artifacts on the Shaw land on which the Ruggieris enjoy their easement.
First, a portion of the Ruggieri garage referred to in the easement intrudes into two square feet of the easement.
Second, a one-foot wide strip of the easement, running southwesterly from Searle Avenue to the garage for approximately forty feet, has been paved with asphalt for the benefit of the Ruggieris.
The surveyor speculated that the encroachment by the garage was the consequence of a physical enlargement of the garage after the easement had been described in the Ruggieri deed. That speculation is beyond his competence as a surveyor, and is contradicted by knowledgeable eye-witness evidence. The Court cannot give any weight to the surveyor's speculation.
The Court concludes that the burden on the easement, which the plaintiff could not use or occupy herself, anyway, by the one-foot by two-foot encroachment of the garage, the presence of which determines the duration of the easement, is so minimal as not to merit relief in equity or the assessment of more than nominal damages. Bentley v. Root, 19 R.I. 205, 207 (1895). A different question might be presented had the garage encroached on some other portion of Bonnie Shaw's land, which is not burdened by the easement. See Sharp v. Silva Realty Corp.,86 R.I. 276, 285 (1957).
The Court further concludes that the paving over of approximately forty square feet of the easement also constitutes a minimal encroachment on that easement. The dominant tenant of such an easement has a right if not a duty, to maintain the easement so that it can be used for the purpose for which it was granted. See Id., at 285-86. The Ruggieris unintentionally paved over a portion of the foot-path easement they enjoy on the Shaw land. The record does not support any finding that the presence of the pavement has injured the servient tenancy of Bonnie Shaw in any way.
The appraisal by Paul J. Bordieri, Jr., of the value of the land burdened by these minimal encroachments did not take into consideration the fact that the fee in the land was encumbered by an easement. The Court cannot give his appraisal any weight.
The plaintiffs have nonetheless established that the defendants have piled snow on the easement and on other portions of Bonnie Shaw's land, so as to interfere with the plaintiffs' enjoyment of their own premises. The plaintiffs, however, have presented no evidence of any economic or other loss of the enjoyment of the land sufficient to support an award of more than nominal damages.
Accordingly, the plaintiff Bonnie Shaw will be afforded the following relief:
1. The defendants are permanently enjoined from depositing or piling snow on any portion of Bonnie Shaw's land. They are ordered henceforth to remove or plow fallen or other snow from their driveway in such a way that none of it is heaped or piled on the Shaw side of the driveway, whether on the easement or not.
2. The plaintiff Bonnie Shaw is awarded one dollar in nominal damages for any past heaping of snow on her land by the defendants.
3. The plaintiff Bonnie Shaw is awarded one dollar in damages for the encroachment on the easement by the Ruggieri garage.
4. The preliminary order enjoining the defendants from assaulting, harassing, molesting or interfering with the plaintiffs will continue in full force and effect pending final judgment.
5. All the other prayers of the plaintiffs for relief other than compensatory damages for the assaults, for which trial by jury has been claimed, are denied and dismissed.
The plaintiffs may enter judgment on this decision on notice to the defendants pending final decision and judgment on all their claims.
II.
The defendants have moved for leave to file a counterclaim for relief against the plaintiff Bonnie Shaw for the erection of a fence, which the defendants claim encroaches on and interferes with their enjoyment of their easement. Since this case is not in order for final judgment, and because the basis for the defendants' claim was made apparent to them during discovery, without prejudging the merits of that claim, the Court will permit the defendants to file and prosecute an appropriate counterclaim.
The defendants will present an appropriate Order for entry on notice to the plaintiffs.