DECISION
This matter comes before this Court on Plaintiff's request for permanent injunction barring the Defendants from interfering with what Plaintiffs claim is a public right of way. This Court has jurisdiction pursuant to R.I.G.L. 1956 § 42-35-15.
 Facts
The subject property is located in a residential subdivision known as Black Point Farm in Portsmouth, Rhode Island. In 1994, the Defendants purchased a parcel of property located in this subdivision. One of the boundaries forming Defendants' property is, allegedly, the center line of a 20 foot wide right-of-way. Said right-of-way extends from the subdivision road system directly down the center of Black Point to the Sakonnet River. The fight-of-way has been the traditional means of neighborhood access to the river.
On June 27, 1995, the Defendants applied to the Coastal Resources Management Council for permission to install a fence along the side of the right-of-way After a hearing, during which proper objections were heard and considered, the CRMC granted the Defendants permission to build the fence as long as it did not encroach on this right- of-way. Apparently, unbeknownst to the Plaintiffs, a second application had been submitted by the Defendants requesting permission to eliminate the aforementioned contingency, thereby allowing the Defendants to construct their fence in the center of the "right of way." Said application was granted and the fence was so constructed. Plaintiffs now seek injunctive relief.
 Access to Platted Right of Way
The plat in which Defendant's property sits was conveyed by Gustav White in 1949 to Albert and Hannah Caiger. The White — Caiger deed created a dedicated easement over all ways contained in the plat plan. The Plaintiffs argue that when the Caigers began to subdivide and sell the property, they continued to reference the plat plans which contained a clear delineation of the twenty foot right-of way. The Plaintiffs maintain that the continued reference to such plans granted them an absolute right to use the right-of-way; and, that it, in fact, "became an easement upon the consummation of the sale of the property by White to the Caigers." Plaintiff's Memorandum supra at 12 citingVallone v. City of Cranston Department of Public Works,97 R.I. 248, 254 (1964).
The Defendants denominate the rights of way contained in Black Point Farms into two categories: private road system, and, a walking path (the way).[1] The Defendants argue that Plaintiff's failure to likewise categorize these rights of way is not only a "legally fatal" error, but also a suggestion that "this Court ignore the clear and express language of the deeds."Defendants Memorandum at 1. The Defendants argue that this right-of-way is an easement rather than a public street, and therefore the cases cited by Plaintiffs do not apply to the current situation. Furthermore, Defendants argue that this easement expired by its terms in 1974.
When interpreting a deed the trial court shall consider all the facts and circumstances existing at the time of its execution, giving effect to the intention of the parties whenever it can be ascertained. Sullivan Granite Co. v. Vuono,48 R.I. 292, 294- 95, 137 A. 683, 688 (1927). It is also well established that "the rights of the owner of the easement are paramount to the extent of the grant to those of the owner of the soil, and it is an established principle that the unrestricted grant of an easement gives the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement"Sharp v. Silva Realty Corp., 134 A.2d 131 (R.I. 1957) quoting 17Am.Jur., Easement, § 96, at 993.
The White — Caiger deed reserves for "all the owners of land on said Black Point Farm, or any part thereof, . . . the right for themselves and their family and guests to use the beach or shore for bathing purposes and to pass and repass over the way leading to said beach or shore in the exercise of said right" All subsequent conveyances from White to Caiger retained the same language with specific reference to the twenty-foot right of way.
It is clear to this Court that the original conveyance of this property intended to preserve a right-of-way to the water's edge. In fact the record indicates that this "way" has been consistently and traditionally used by the neighborhood to access the beach and waterfront area for a variety of recreational activities.
Further support for this Court's position is found in the recent Rhode Island Supreme Court case Kotuby v. Robbins, No. 95-672 (December 14, 1998). In Kotuby, the dispute centered around the a common driveway which for many years serviced three lots in a subdivision entitled Rodase Villa. The three lots "all possessed frontage on Kickemuit Avenue, a public street. . . . Access to Kickemuit Avenue is reached . . . by a thirty-foot-wide strip of land. This strip is designated on the [subdivision] plan as a private right-of-way." Kotuby at 1-2. The owners of two of the affected lots intentionally situated their homes facing this right-of-way for easy access to and from home to the street. This strip was used as a common driveway until 1991 when the defendant purchased one of these lots, a boundary of which was this common driveway. Soon after purchase, the defendant applied for, and received, a building permit to construct a chain link fence around his property, thereby impeding the plaintiff's use of the right-of-way.
The aforementioned facts in the Kotuby case are similar to those in the instant case. However, unlike the instant matter, the right-of-way in Kotuby was not mentioned in the deeds to the lots in question. Despite this fact, the Rhode Island Supreme Court found there to be clear evidence of a dedicatory intent with respect to the rights of these three lots to use the strip as a common driveway. The dedicatory intent is even clearer in the case at bar
This Court finds the analysis in Kotuby to be on point, relying on the following language:
 "In Robidoux v. Pelletier, 120 R.I. 425, 434, 391 A.2d 1150, 1156 (1978), we recognized that in certain cases, a recorded plat is all that is needed to disclose a landowner's dedicatory intent . . . The general rule is stated in 2 George W. Thompson, Commentaries on the Modern Law of Real Property § 361 (1980 Replacement Ed.), which sets forth that when a subdivider sells lots with reference to a plat, be grants easements to the purchasers in the roadways shown on the plat, with or without later dedication of the roadways to the public.
 `The purchaser of land bounded upon a street designated as such *** on a map by the owner of the lands in reference to which the sale was made has a private right appurtenant to his lot, which he holds by an implied covenant that the street in front of his lot shall be kept open for his enjoyment if not as a public street, then as a private right-of-way.'" Id. At 380.
For the aforementioned reasons, the injunctive relief is granted. Counsel for the parties shall draft the appropriate judgment.
[1] Defendants' Memorandum of Law on Platted Right of WayIssues, at 1.