DECISION
This case comes before the Court on Petitioner's request for the issuance of a Writ of Mandamus to compel the Newport City Solicitor to file suit to enjoin certain construction work tat is being performed after the issuance of a cease and desist order by the Zoning Officer of the City of Newport. Petitioners have standing as nearby property owners, thereby having a private interest to be protected.
 FACTS/TRAVEL
In the year 2000 and 2001 certain permits were granted by the City of Newport for construction on a hotel known as the "Chanler." Subsequent to the issuance of these permits, Petitioner appealed the granting of Development Plan approval, the issuance of all permits, and the failure to obtain certain miscellaneous permits to the Zoning Board of Review. In short, the Petitioner appealed the issuance of all permits relating to exterior work on the subject property. The Zoning Officer, in response to the aforementioned appeal, issued a cease and desist order to the hotel which stayed all proceedings in furtherance of the action appealed from. The Zoning Officer expressly relied on the General Laws of Rhode Island in issuing this stay, namely § 45-24-65 which provides that an appeal to the Zoning Board shall stay all proceedings.
According to the Petitioner, the Hotel construction has continued despite the issuance of the cease and desist order. Petitioner has asked the Zoning Officer and the City Solicitor to take action, however, the Zoning Officer and the City Solicitor have responded by asserting that the continued construction is not related to the action appealed from. The Court can only assume that this means the continued construction is occurring within the exterior walls of the building. Rebutting this assumption, Petitioner represents that the continued construction is occurring on the exterior of the building, thereby rendering the action violate of the cease and desist order.
 MANDAMUS
In the case at bar, a Writ of Mandamus can only issue if the town official has abused his discretion. Adler v. Lincoln Housing Authority, 623 A.2d at 26 (R.I. 1993). The Court has consistently ruled that a writ of mandamus is an extraordinary writ that shall be issued only when the petitioner has a clear right to the requested relief sought and the duty to be performed by the official is purely ministerial, rather than one that calls for the exercise of the official's discretion. Buckley v. Affieck,493 A.2d 828 (R.I. 1985). It appears in the instant situation that the Zoning Officer gave a valid rationale for not pursuing the cease and desist order. Essentially, he has provided a valid reason for not acting, there being no construction occurring on the exterior of the hotel during the pendency of the appeal. Therefore, this Court cannot take action to require the reasonable exercise of discretion where it appears that discretion has already been properly exercised. Id. Certainly a Zoning Officer cannot be compelled to enforce a cease and desist order that is not being violated. Although there appears to be a factual dispute as to whether the order is in fact being violated, that is an issue which would require a factual hearing[1]
This Court notes that pursuant to § 45-24-62, only the municipality, through its town solicitor, may initiate proceedings to enforce local zoning ordinances. Petitioner argues that this fact makes the issuance if a writ of mandamus all the more necessary. However, the initial decision to initiate suit lies within the sole discretion of the town solicitor and when that discretion is properly exercised by the subject official, the only proper course of action is dismissal of the writ. In O'Neill v. Carr522 A.2d 1213 (R.I. 1987), the Court addressed an issue very similar to the one at bar. The Court stated in that case,
 "Although § 1262.02 of the Newport city ordinances states that "it shall be the duty of the City Solicitor, whenever a violation or a contemplated violation of any of the provisions of this Zoning Code is brought to his or her attention, to institute due legal proceedings to compel compliance," we believe that the word "shall" is used in its precatory, rather than its mandatory sense. Revoking a permit or initiating a suit are matters that involve the discretion of the appropriate responsible official. An investigation must be made into what the relevant facts are, and consideration must be given to a variety of factors, including repercussions that may result from obtaining judicial relief." (emphasis supplied)
In light of the fact that enforcement of the zoning code is discretionary with the city solicitor, rather than ministerial, a writ of mandamus should not issue. Furthermore, while the writ can issue if the official has abused his discretion., there are inadequate facts on this record to conclude that this standard has been met.
Whether or not an official has abused his discretion is a somewhat nebulous standard to ascertain. Petitioner relies on Newman v. Mayor of the City of Nengrt, 57 A.2d 181 (R.I. 1940), apparently for the proposition that the Town Solicitor has abased his discretion in not suing certain developers for continuing construction after the issuance of a cease and desist order. However, Petitioner's reliance on Newman is misplaced. The Newman Court found an abuse of discretion where,
 "The commissioner not only denied the curb cuts for approaches to a proposed gasoline station on the Newman land, as shown on one of two alternative plats tiled with the application for such cuts, but he also expressly stated in his decision that he would not approve any possible arrangements of a driveway or driveways for commercial purposes to that Jand. By refusing to consider the other alternative and much more restricted plat, and by advising the petitioners that he would grant them no access for any commercial purpose, he completely refused to perform his plain legal duty to exercise the discretion vested in him by the ordinance. in the circumstances the petitioners had a clear right to compel the commissioner to perform his ministerial duty in accordance with law, namely, to consider petitioners' application and to exercise his discretion reasonably in the matter."
The facts in the case at bar do not reveal that the Zoning Officer or the Town Solicitor failed to exercise their discretion in a reasonable manner. Rather, it seems that the officials checked on the construction and determined that the action taking place did not violate the cease and desist order. Therefore, their discretion was not abased in a manner that can be compared to the facts of Newman. To determine that an abuse of discretion has taken place, this Court would need articulable facts that indicate some basis for that abuse. In that regard, nothing has been presented to this Court which would serve to meet the abuse threshold.
For the aforementioned reasons, the writ is denied. Counsel shall prepare the appropriate order after notice.
[1] This case, having come before the Court on a petition for a writ of mandamus, is very different from a case in which a complaint and answer are filed. Indeed, the present petition has not been answered, and discovery has not been conducted. Consequently, the factual allegations contained in Petitioner's petition, namely, those associated with exterior construction on the subject property, are without any supporting records or documentation. This Court will not engage in a speculative inquiry as to whether the Petitioners factual allegations are true or whether the Respondent factual allegations are true. Perhaps if this case had come before the Court on complaint which sought injunctive relief, the Court would be better able to discern the relevant facts necessary for a resolution on the merits.