[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
The matter before the Court is Plaintiffs'[1] request for declaratory and injunctive relief on the rights, status, and other legal relations of the parties regarding a right-of-way that is known as the "Daunis right-of-way" ("the Parcel"). The Parcel is located south of Mushechuck Creek and west of Nayatt Road in the Town of Barrington. The parties do not dispute the Parcel's status as a public right-of-way. Rather, the issue is of its nature and scope, or, more specifically, whether the Defendant Town of Barrington ("Defendant") may improve the Parcel to allow for vehicular access and parking.[2]
 BACKGROUND FACTS
In 1981, the Coastal Resources Management Counsel ("CRMC") designated the Parcel as a "public right-of-way."[3] Sartor v. CRMC, 542 A.2d 1077, 1078, 1080 (1988). Both the Rhode Island Superior Court and the Rhode Island Supreme Court affirmed the CRMC's designation. See id. at 1084 (affirming that the Parcel "is a public right-of-way by dedication and usage"). According to a recent survey of the Parcel, it runs (from Nayatt Road) approximately 240 feet along Mushechuck Creek to the shore of Narragansett Bay. The right-of-way was originally thirty-feet wide but Mushechuck Creek has eroded it up to fifteen feet at a certain point.
Defendant is currently seeking CRMC approval to use a portion of the Parcel for motor vehicle parking for those accessing the shore via the Parcel. Plaintiffs characterize the Parcel as a "footpath" that was never open to vehicular traffic. They maintain that the public has the right to only walk to the shore and initiated the present action, seeking such a declaration as well as an order barring the Town from altering the Parcel in any way.
The Rhode Island Supreme Court has already affirmed that the Parcel "is a public right-of-way by dedication and usage." Id. at 1084. The Court found there was a valid dedication of the Parcel to public use because (1) a prior owner of the Parcel intended to dedicate the land, and (2) the public accepted the dedication by using the Parcel.[4] Id. The Court, however, was not presented with a question regarding the scope of use permitted on the Parcel.
 PERMITTED USE OF LAND THAT WAS DEDICATED TO PUBLIC USE
Although the Parcel is a right-of-way and rights-of-way are usually created by easements, it is clear from Sartor v. CRMC, 542 A.2d 1077
(1988) that the Parcel was created by dedication to public use.[5]Sartor, 542 A.2d at 1183-1184. The purpose of the dedication was to create a right-of-way or create public access to the shore. Id. at 1179, 1183. As noted by the Court in Sartor, the Parcel was the result of a transaction in 1915, whereby Charles D. Owen sought permission to close a street bisecting his property that ran to the shore. Id. at 1079, 1083. In return, Owen agreed to "open another way to the shore. . . ." Id. at 1079 (quoting entry in the bylaws of the Barrington Town Council). The town counsel granted Owen's request to "close the street," "provided he opens another one" to the shore. Id.
Generally, use of land dedicated to the public must conform to the terms of use intended by the grantor. Angel v. City of Newport,109 R.I. 558, 561, 288 A.2d 498, 500 (1972). A change in circumstances nevertheless allows for a new or substituted use, provided it does not "patently distort, negate, or violate the intention of the grantor."Angel, 109 R.I. at 561-62, 228 A.2d at 501.
 "[T]he passage of time and change in circumstances [are] elements that should be considered in testing the compatibility of a substituted use with the used intended by the grantor. * * * Dedication is not confined to the usages known at the time. . . . It includes the right of the public to use the property in such a way as is convenient and comfortable, according to changed conditions and methods of travel. * * * To violate the terms of a dedication the use made of land must be inconsistent with the purpose of the dedication or substantially interfere with it." Id. (internal quotes and citations omitted).
In the instant case, therefore, motor vehicle access and parking on the Parcel is permitted if it conforms to Owen's intent for the dedication.See id. If vehicle access and parking does not conform, such use may be permitted if a change in circumstances exists and the substituted use is not inconsistent with the purpose of the dedication or substantially interferes with its purpose. See id.
As stated above, the purpose of the dedication in question was to create a substitute for a "street" running to the shore. Sartor, 542 A.2d at 1179, 1183. Owen was permitted to close a "street" bisecting his property "provided he opens another one" to the shore. Id. Therefore, the clear intent behind Owen's dedication of the Parcel was to create a "street" to the shore and not a mere "footpath" to allow only pedestrian access. See Vallone v. City of Cranston Department of Public Works,97 R.I. 248, 254-55, 197 A.2d 310, 314 (1964) (for dedications of land to public use, the intention of the owner is ascertained from his acts, declarations, and conduct that tends to demonstrate the intention). Vehicle access and parking is thus consistent with the grantor's original intention of creating a street, as streets are customarily accessible to vehicles for parking.
Even assuming, arguendo, that motor vehicle access and parking is beyond the use originally contemplated in 1915 for a "street" to the shore, an appropriate change in circumstances exists warranting this new or substituted use. Improving the Parcel to accommodate automobiles is necessary to the "right of the public to use the property in such a way as is convenient and comfortable, according to changed conditions and methods of travel." Angel, 109 R.I. at 562, 228 A.2d at 501. In addition, public access to the shore via rights-of-way has become a priority in recent decades, as evidenced by the CRMC's mandate for "carrying on a continuing discovery of public rights of way to the tidal areas of the state." Sartor, 542 A.2d at 1178 n. 3 (quoting G.L. 1956 §46-23-6). Providing automobile access and parking on the Parcel furthers this mandate and is neither inconsistent with the original purpose of creating a "street" to the shore nor substantially interferes with that purpose.
 RIGHT-OF-WAY BY EASEMENT
This Court would reach the same result if the Parcel was a right-of-way created by an easement, rather than a public right-of-way created by dedication to public use (with the purpose of providing a street to the shore). Our Supreme Court has stated that
 "[t]he terms of the grant of an easement are subject to construction in the like manner as are the terms of a deed. In Waterman v. Waterman, 93 R.I. 344, 175 A.2d 291, this court, in speaking of the construction of written instruments which create easements, said at page 294: `It is true that where in a written instrument an easement of way is granted in express terms, the nature and extent of the easement thus established is to be determined primarily from the language used in the writing, and if the terms thereof are free from uncertainty and ambiguity, oral testimony is not admissible to explain the nature or extent of the easement granted. * * * However, this court has repeatedly taken the sound view that when the language employed in the grant of the easement is ambiguous or uncertain, it may properly resort to a consideration of any concomitant circumstances which have a legitimate tendency to show the intention of the parties.'" Vallone v. City of Cranston Department of Public Works, 97 R.I. 248, 258-59, 197 A.2d 310, 316 (1964) (emphasis added).
Accordingly, when the terms of use for an easement is uncertain — as with the present question regarding vehicle access and parking — this Court will look to the circumstances of the transaction to show the intention of the parties. For the same reasons as those discussed above, the circumstances of the creation of the instant right-of-way show that the intention of the parties was to create a "street" and not a mere footpath for the public to access the shore. The Town of Barrington bargained for another street, the Parcel, in exchange for allowing Owen to close a street running to the shore. Thus, vehicle access and parking would not violate the terms of an easement that was originally intended to be used as a public street.
Furthermore,
 "structures that are reasonably necessary to accommodate a reasonable enjoyment of the rights under the grant of a right of way has been regarded as proper, except where they interfered with the rights of the owner of the fee. The use of the way may not be enlarged more than is reasonably necessary to fulfill the original purpose of the grant." 25 Am.Jur.2d Easements and Licenses in Real Property § 88 (Propriety of particular uses) (2004).
This principle is applicable in the present case. Improving the Parcel to allow for automobile access and parking is necessary to accommodate the reasonable enjoyment of the public's right to access the shore via the Parcel, and this use is not an unreasonable enlargement of the original purpose of the grant. The Parcel is a right-of-way that is intended to accommodate the public at-large and not merely abutters of the property or those in walking distance. In such a case, automobile access is necessary and reasonable. See also Sharp v. Silva Realty Corp.,86 R.I. 276, 285 (1957) ("it is an established principle that the unrestricted grant of an easement gives the grantee all such rights as are incident or necessary to the reasonable and proper enjoyment of the easement"). In addition, there is no evidence that Defendant's proposed improvements would unreasonably interfere with any of Plaintiffs' reserved interest or intended use of the Parcel.
Lastly, warranting a brief mention is the Rhode Island Supreme Court's assertion that "a right-of-way will be construed in favor of the grantee, limited only by what is reserved expressly in the instrument and the accompanying circumstances to demonstrate the intent of the parties."Burke-Tarr Co. v. Ferland Corp., 724 A.2d 1014, 1018 (R.I. 1999). In the present case, vehicular access and parking is consistent with any construction in favor of Defendant, particularly in light of the above-discussed circumstances and intention behind Owen's grant of the Parcel. Moreover, there is no evidence of any intended or express limitation (which often exists) to, for example, merely "pass and repass on foot" or "pass and repass on foot and with vehicles." See, e.g., Sharpv. Silva Realty Corp., 86 R.I. 276, 278 (1957) (limitation to "pass and repass on foot and with vehicles"); Superior Court Newport Realty v.Whitehouse, 2002 R.I. Super. LEXIS 176 (R.I. Super. Ct., Dec. 13, 2002) (citing deed that provides right "to pass and repass over [said parcel] at any and all times on foot and with horses, carriages, automobiles, teams and other vehicles").
 CONCLUSION
For the reasons set forth in this Decision, this Court finds that Plaintiffs have failed to establish a likelihood of success on the merits of its complaint. This Court further finds that the Plaintiffs will not suffer irreparable harm in the absence of injunctive relief, and that after balancing the equities in this matter, the public interest is not served by injunctive relief that would in effect re-establish a footpath on the subject property and prohibit Defendant's application to CRMC regarding its parking plan for this area. Accordingly, Plaintiffs' request for injunctive relief is denied and the rights, status and legal relations of the parties regarding the nature of use of the Daunis right-of-way shall not be inconsistent with this Decision.[6]
Counsel are directed to confer and to submit to the Court forthwith an order that is reflective of this Decision.
[1] Plaintiffs — Cecil Sartor, Didier Sartor, William P. Kyros, Arthur Landy, Eva Landy, John C. Whistler and Mary Lovejoy — are all abutters of the subject parcel of land
[2] Although the Court is not privy to the details of Defendant's plans for the Parcel, based on the memoranda submitted by the parties, this Court is presupposing that Defendant seeks to alter the Parcel to allow for the simple entry and parking of automobiles. This Court's reference to, and consideration of, vehicular access is not so broad as to include a roadway or the like.
[3] The Coastal Resources Management Counsel ("CRMC") is charged with discovering and designating public rights-of-way to the tidal waters of the state. Sartor v. CRMC, 542 A.2d 1077, 1078, 1080 (1988).
[4] "[T]wo elements must exist for a valid dedication: (1) a manifest intent by the landowner to dedicate the land in question . . . and (2) acceptance by the public either by public use or by official action to accept the same on behalf of the municipality." Robidoux v. Pelletier,120 R.I. 425, 433, 391 A.2d 1150, 1154 (1978).
[5] A right-of-way is generally defined as "the right belonging to a party to pass over the land of another, and is considered to be an easement." 25 Am.Jur.2d Easements and Licenses in Real Property § 7 (Generally; rights of way) (2004).
[6] This Court is mindful that Defendant has an application pending before the CRMC for approval of a parking plan for the area in dispute. Any improvement of this right-of-way is, of course, subject to the CRMC's review and approval.